UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.

Civil Action No. 1:11-cv-06874-JPO

Plaintiff,

vs.

SIXTH AVENUE ELECTRONICS CITY,
INC. d/b/a SIXTH AVENUE
ELECTRONICS,

**AFFIDAVIT OF DANIEL C. MAZANEC FOR JUDGMENT BY DEFAULT**

Defendant.

_____/

STATE OF FLORIDA     )
                     ) ss.:
COUNTY OF DADE       )

DANIEL C. MAZANEC, Esq., being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of Squire, Sanders & Dempsey (US) LLP, attorneys for plaintiff Toshiba America Information Systems, Inc. ("TAIS") in the above-entitled action and I am familiar with the facts and circumstances in this action.

2. I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of TAIS's application for the entry of a default judgment against defendant Sixth Avenue Electronics City, Inc., d/b/a Sixth Avenue Electronics ("Sixth Avenue"). Sixth Avenue is a New York Corporation, and therefore not an infant, in the military, or an incompetent person.

3. This is an action for breach of contract and unjust enrichment to recover from Sixth Avenue monies due and owing for consumer electronic goods it purchased on credit from

TAIS. Sixth Avenue accepted the goods but failed to timely pay the associated invoices issued for them, as required by the contract between TAIS and Sixth Avenue. Sixth Avenue has still not paid for the goods it ordered, received and accepted.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between TAIS and Sixth Avenue and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. On or about October 22, 2009, Sixth Avenue entered into an Authorized Dealer Agreement (the "Agreement") with Toshiba America Consumer Products, L.L.C. ("TACP"). A copy of the Agreement is annexed hereto as Exhibit A.

6. Among other things, the Agreement required Sixth Avenue to pay for any products it purchased from TACP on credit in accordance with the terms and conditions set forth in the invoices for such products. All TACP invoices submitted to Sixth Avenue required payment for goods purchased on credit within thirty (30) days.

7. On or about October 1, 2010, TACP assigned all of its rights, interest and obligation in the Agreement to Plaintiff TAIS.

8. On or about February 4, 2011, Sixth Avenue and TAIS executed an amendment to the Agreement (the "Amended Agreement"). By and through the Amended Agreement the parties agreed that (i) all references to TACP in the Agreement were changed to TAIS; (ii) all purchases made from TAIS by Sixth Avenue on credit were due "[n]et 30 Days from date of shipment or invoice whichever occurs later;"; and (iii) all disputes would be resolved in the State or Federal courts of New York, with each party consenting to venue and jurisdiction in same. A copy of the Amended Agreement is annexed hereto as Exhibit B.

2

9. Between December 2010 and May 2011, Sixth Avenue placed eleven purchase orders for consumer electronic goods from TACP or TAIS. These purchases were made subject and pursuant to the terms and conditions of either the Agreement or the Amended Agreement and each of these purchases were made on credit terms. Pursuant to the Agreement and Amended Agreement, Sixth Avenue was obligated to pay for the purchased goods no later than "30 Days from date of shipment or invoice whichever occurs later." Each purchase was evidenced by an invoice. As set forth in the Affidavit of Damages annexed hereto as Exhibit C, those eleven invoices (collectively, the "Unpaid Invoices") total $1,224,981.00. Copies of the Unpaid Invoices are annexed to Exhibit C, the Affidavit of Damages, as Exhibit 1.

10. TACP or TAIS timely shipped the inventory reflected on each of these Unpaid Invoices to Sixth Avenue, the last shipment of which occurred on or before May 6, 2011. More than thirty days have now passed since the issuance of each of the Unpaid Invoices and the shipment dates for the corresponding goods.

11. As set forth Exhibit C, the Affidavit of Damages, after applying all credits to which Sixth Avenue is or may be entitled for the purchases reflected in the Unpaid Invoices, the total amount presently due and owing to TAIS from Sixth Avenue is $1,208,015.78. Although demand has been made upon Sixth Avenue for the payment of this sum, Sixth Avenue has failed and refused and continues to fail and refuse to pay the same or any part thereof.

12. Accordingly, this action was commenced on September 30, 2011 by the filing of the summons and complaint. On October 3, 2011, a copy of the summons and complaint was served on defendant Sixth Avenue at its principal place of business, located at 22 Route 22 West, Springfield, New Jersey 07081, by personal service on Carlos Ferrerra, Store Manager. The Special Process Server, Joseph Sanchez of Keating & Walker Attorney Services, Inc., personally

3

delivered the summons, complaint, civil cover sheet, Rule 7.1 Statement of TAIS and a copy of Magistrate Judge Pittman's Rules to Mr. Ferrerra, who is authorized by appointment to accept service on behalf of Sixth Avenue. Proof of service by the Special Process Server has been filed. (D.E. 3.) A copy of the Affidavit of Service is annexed hereto as Exhibit D.

13. Pursuant to Civil Rule 12(a)(1), Sixth Avenue was required to serve an answer or motion in response to the complaint on or before October 24, 2011. (*See also* D.E. 3.) Sixth Avenue failed to answer or otherwise respond to the complaint by October 24, 2011, and the time for Sixth Avenue to respond has now expired.

14. TAIS is entitled to judgment against Sixth Avenue in the amount of $1,208,015.78, which is justly due and owing, and no part of which has been paid.

15. Because the sum due and owing is readily ascertainable, documented and detailed in the Affidavit of Damages (Exhibit C) and the Unpaid Invoices annexed thereto, an inquest into damages is unnecessary. *Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc.*, 193 F.R.D. 87, 89 (E.D.N.Y. 2000) ("[t]he decision as to whether or not a hearing is necessary is therefore within the court's discretion ... [t]he court may simply rely on detailed affidavits or documentary evidence in evaluating the proposed sum"); *Time Warner Cable of New York City v. Sanchez*, No. 06 Civ. 2745, 2007 U.S. Dist. LEXIS 65474, at *11 (S.D.N.Y. June 6, 2007) (explaining that "[t]hough courts may hold hearings to assess these damages, a hearing is not required where a sufficient basis to make a calculation exists").

16. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, TAIS requests the entry of Sixth Avenue's Default and the entry of the Judgment against Sixth Avenue annexed hereto as Exhibit E.

Dated: Miami, Florida
      October 25, 2011

                                      DANIEL C. MAZANEC

Sworn to before me this
25th day of October 2011.

_____
Notary Public