

Exhibit "A"

## TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
## AUTHORIZED DEALER AGREEMENT

MADE BY AND BETWEEN TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C. ("Toshiba"), a New Jersey limited liability company maintaining its principal place of business at 82 Totowa Road, Wayne, New Jersey 07470 and ___Sixth Avenue Electronics City, Inc.___ ("Dealer"), a __NJ Corporation__ maintaining its principal place of business at ___22 Route 22 West  Springfield, NJ 07081___.

1.   **APPOINTMENT**

   a)   Subject to the terms of this Agreement, Toshiba hereby appoints Dealer, and Dealer hereby accepts appointment, on a non-exclusive basis as an Authorized Dealer of products distributed by Toshiba (the "Products"). Dealer shall resell Products in face to face retail transactions at the retail locations listed on Exhibit A ("Authorized Locations"). If Dealer adds or eliminates retail locations, Dealer shall provide Toshiba with thirty (30) days' prior written notice of any such change and such written notice shall modify and become a part of Exhibit A. Subject to the terms of this Agreement, Dealer may also resell Products via the Internet, provided that Dealer is in compliance with the terms of this Agreement and all of the Internet Terms and Conditions set forth in Exhibit B ("Internet Terms and Conditions"), unless Toshiba in its sole discretion notifies Dealer in writing that Dealer is not so authorized. Toshiba reserves the right to modify Exhibit A and/or Exhibit B at any time, in its sole discretion, upon thirty (30) days written notice to Dealer.

   b)   Toshiba reserves all rights not expressly granted to Dealer by this Agreement including, without limitation, the right to appoint additional retailers or wholesalers at any time and at any location and to sell Products directly to wholesalers, retailers or consumers at any location and through any method or channel of distribution.

2.   **RELATIONSHIP OF THE PARTIES**

   a)   The relationship between Dealer and Toshiba is that of purchaser and seller only. Nothing herein shall be construed to create an employment or a franchise, partnership, agency or joint venture relationship between them. Dealer agrees that it is an independent contractor and that it has no authority to bind Toshiba or to make any statements on Toshiba's behalf.

   b)   Dealer warrants and represents that its business is not substantially reliant on Toshiba for the continued supply of goods or services and that Dealer will not allow the operation of its business to become substantially reliant on Toshiba.

1

**3.    TOSHIBA'S DUTIES**

Toshiba agrees that during the term of this Agreement:

a)    Toshiba will sell Products to Dealer for the purpose set forth in this Agreement at such prices and upon such terms and conditions as are set forth in this Agreement or as Toshiba may reasonably determine from time to time.  Nevertheless, the parties agree that Toshiba shall have the unqualified right to reject any purchase order in whole or in part.  Toshiba reserves the right to allocate Products among its customers in any manner which Toshiba in its sole and absolute discretion may determine.

b)    Toshiba will use reasonable commercial efforts to make deliveries as close as possible to the requested delivery date.

c)    Toshiba will provide Dealer with such reasonable assistance in selling and promoting the Products as Toshiba determines is appropriate.

d)    Toshiba will provide its standard consumer warranties to consumers of Products sold through Dealer, as more fully set forth in Section 10 of this Agreement.

**4.    DEALER'S DUTIES**

Dealer agrees that during the term of this Agreement:

a)    Dealer will purchase Products only from Toshiba or a Toshiba Authorized Distributor, and resell Products only to consumers.

b)    Dealer will use its best efforts to promote the sale of Products to consumers.

c)    Dealer will sell Products to consumers only at Authorized Locations and at no other location and under no name other than  Sixth Avenue Electronics City, Inc

d)    Dealer will not engage in Unauthorized Sales, as defined in Section 7 of this Agreement.

e)    Dealer will show and sell the Products in a manner which is consistent with and appropriate for the premium nature and quality of the Products.  Dealer will maintain its Authorized Locations in a manner that is conducive to the attractive display and demonstration of Products and will provide such facilities as are necessary or appropriate for the proper demonstration, promotion and exhibition of the Products.

f)    Dealer will employ or otherwise provide at all Authorized Locations an adequate number of sales personnel who are trained and will continue to participate in training offered by Toshiba.  The sales personnel's duties will permit and require

them to demonstrate and sell Products in a manner consistent with the premium nature and quality of the Products.

g)    Dealer shall have adequate personnel to assist Toshiba in providing both pre- and post-sale quality control services for the benefit of both Dealer's customers and the parties to this Agreement.  These services shall include, but are not limited to, the following:

     (i)    Dealer shall promptly investigate and report to Toshiba all reasonable charges, complaints or claims that Dealer receives concerning the Products.

     (ii)   Dealer shall use its best efforts to answer consumer inquiries with respect to Products, both before and after sale, and shall endeavor to assist consumers who wish or need to avail themselves of the product warranties provided by Toshiba.

h)    Dealer will purchase and display Products in all Authorized Locations.  Dealer will display promotional material relating to the Products consistent with the image of the Products and will, subject to availability, maintain sufficient inventory of all models of the Products to meet current and anticipated demands created by the Products themselves and by Toshiba's and Dealer's advertising and promotion of the Products.

i)    Dealer will use Toshiba IP, as defined in Section 12 hereof, only as permitted in Section 12.

j)    Dealer will provide Toshiba with reasonable prior notice of all press releases Dealer intends to issue that use any Toshiba logo or mention Toshiba, Toshiba's Products, or Toshiba's trademarks or tradenames.  Dealer will provide such notice by calling Toshiba's Corporate Communications Department at (973) 628-8000, ext. 4250.

k)    Dealer will, at all times during the term of this Agreement, comply with all applicable federal, state and local laws, ordinances and regulations.

k)    Dealer will refrain from engaging in any unfair competitive practices, including, but not limited to, product disparagement and bait and switch practices.

l)    Dealer shall record, retain and preserve any information concerning Products sold by it which is required by any state or federal statutes, rules or regulations which are or may become effective during the term of this Agreement or which Toshiba reasonably requests Dealer to maintain.

m)    If Dealer is not using floor plan financing, Dealer shall furnish Toshiba with such statements of Dealer's financial condition as Toshiba may, from time to time, reasonably request.   Dealer will notify Toshiba immediately of any and all events

3

that may have a material adverse effect on its business or financial condition. Dealer shall also furnish such other information with respect to sales, inventory or other matters as Toshiba may, from time to time, reasonably request.

**5.   TERMS OF SALE**

    a)    The terms and conditions of all sales of Products between Toshiba and Dealer shall be governed solely by the terms and conditions set forth in this Agreement or as Toshiba may reasonably determine from time to time.  Unless specifically approved by Toshiba in writing, no terms in any purchase order or similar document shall apply to sales made to Dealer by Toshiba, except to the extent that such terms specify the kind or quantity of Products ordered thereunder. The parties agree that since the terms and conditions on such other documents shall not apply to sales made hereunder, it shall not be necessary for the parties to read or otherwise be aware of the terms of such documents, and the parties shall be justified in relying upon the provisions of this Agreement as establishing the terms and conditions of sale.

    b)    Except as provided in Section 5(e), Dealer may not cancel any purchase order after Toshiba has prepared conforming Products for shipment.

    c)    Delivery of all Products shall be F.O.B. destination.  Title and risk of loss shall pass to Dealer at the time Toshiba delivers the ordered Products to Dealer or its designee.

    d)    Dealer agrees to pay for all Products delivered by Toshiba in accordance with the terms stated herein and in Toshiba's invoice.  Further, Dealer agrees to reimburse Toshiba for all reasonable costs incurred in connection with its efforts to collect past due accounts, including, but not limited to, attorneys' fees, collection agency fees and court costs.  Toshiba reserves the right to charge interest on past due amounts at rates equal to the maximum rate allowed by applicable law.

    e)    Either party may cancel a purchase order prior to delivery to Dealer or its designee if:

        (i)    a receiver is appointed for the other party or the other party's property;

        (ii)    the other party has become insolvent or has otherwise failed to meet its obligations as they come due;

        (iii)    the other party files or has filed against it a petition of bankruptcy or other assignment for the benefit of its creditors; or

        (iv)    the cancelling party in good faith believes that the prospect of payment or performance by the other party is impaired.

f)  Toshiba reserves the right at all times, either generally or with respect to any specific purchase order of Dealer's, to vary, change or limit the amount or duration of credit, if any, to be allowed to Dealer.

g)  Dealer agrees not to make any deductions from any payments due to Toshiba without written authorization from Toshiba.

h)  If Dealer receives notice from Toshiba regarding an unauthorized deduction, then Dealer will pay Toshiba the amount of the unauthorized deduction within thirty (30) days of the date of Toshiba's notice.

i)  Dealer agrees that any and all inquiries or claims regarding credits, reimbursements or adjustments of any kind to Dealer's account must be initiated in writing and submitted to Toshiba's National Credit Department (82 Totowa Road, Wayne, New Jersey, 07470) no later than one hundred eighty (180) days after the circumstances which gave rise to such inquiry or claim. Failure to submit inquiries or claims within this time period will constitute a complete and final waiver by Dealer with respect to the substance of such inquiries or claims.

j)  If and to the extent that the parties elect to use electronic communication lines known as Electronic Data Interchange ("EDI") to allow for the transmission of purchase orders and/or invoices for Products, and/or to undertake other EDI transaction sets as may be agreed to in writing between the parties, the terms and conditions of this Agreement shall apply to such transactions. EDI will be transmitted either directly or through a third-party servicer ("Provider"). If a Provider's services are utilized, unless agreed to otherwise in writing, each party will pay the cost to set up and maintain its own mailbox, the cost of all sends and receives to and from its own mailbox and any other costs associated with its own mailbox. Upon proper receipt of any EDI transmission, the receiving party shall promptly and properly transmit a functional acknowledgment that an EDI transmission was received. Neither the receipt nor acknowledgment of an EDI transmission shall constitute an acceptance by Toshiba of any order placed by Dealer. Each party shall take all necessary steps to provide for reasonable security to ensure that all access and usage of its EDI system are properly authorized. Either party may discontinue the utilization of EDI services upon thirty (30) days prior written notice to the other party.

6.  **ACCEPTANCE AND RETURNS**

a)  Each shipment of Products shall be deemed as finally and irrevocably accepted by Dealer when Dealer or its Designee signs the carrier's delivery receipt.

b)  Dealer shall have the right to refuse delivery of any Product that is

   (i)   delivered in a carton that is damaged in a way that indicates that the Product may be damaged. Such Products are referred to herein as "Damaged in Transit;" or

5

    (ii)    shipped in error or is not in conformance with Dealer's purchase order.

To exercise these rights, Dealer must reasonably identify on the carrier's delivery receipt the Products that were Damaged in Transit, shipped in error, and/or not in conformance with Dealer's purchase order.

c)    After Dealer's acceptance, Dealer shall have the right, for a period of 15 days, to return any Product that is shipped in error or is not in conformance with Dealer's purchase order. This right is subject to the remaining provisions of this Section 6.

d)    After Dealer's acceptance, Dealer shall have the right, for a period of 6 months, to return any Product

    (i)    that fails to function when it is first removed from the factory sealed carton; or

    (ii)    that is obviously damaged when it is first removed from a factory sealed carton that shows no damage.

These rights are subject to the remaining provisions of this Section 6

e)    Dealer shall not return any Products to Toshiba without a prior written return authorization from Toshiba. All returns must reference the return authorization number in order to be accepted at Toshiba's warehouse.

f)    Freight costs for returned Products are the responsibility of Dealer.

g)    When a return of Products is authorized by Toshiba for one of the reasons set forth above in accordance with a request from Dealer and such reason is subsequently found to be incorrect or invalid, the return will be subject to a fifteen percent (15%) restocking charge.

h)    In order to receive credit for returns authorized by Toshiba pursuant to this Section 6, Dealer must return Products in their original, undamaged cartons, together will all accessories, manuals and packing materials. If a return is authorized because of carton damage indicating that the Product may be damaged, then Dealer must return the product in its original carton if possible, together with all accessories, manuals and packing materials. Dealer must pay a $20 restocking charge in each instance where all accessories are not returned with a Product.

i)    Upon receipt of Products returned by Dealer in accordance with the requirements of this Section 6, Toshiba will issue a credit to Dealer's account based on the current price, less any applicable discounts or programs.

6

7.   **UNAUTHORIZED SALES**

Dealer acknowledges that one of Toshiba's objectives in entering this Agreement is to provide for the distribution of its Products through Authorized Dealers who can and will provide adequate display and showroom facilities, and who will render the sales support and quality control services deemed by Toshiba to be necessary to promote consumer satisfaction and good will. Dealer therefore agrees not to engage in the following types of sales ("Unauthorized Sales"):

a)   sales by mail order, by telephone, or in any other manner that is likely to make it difficult for Dealer to provide the support services called for under this Agreement;

b)   sales to customers other than end-users;

c)   sales for resale purposes of any kind;

d)   sales from other than Dealer's Authorized Locations; or

e)   sales by any method or through any channel that is not expressly permitted by Section 1 (a) of this Agreement.

8.   **DISCONTINUATION OR CHANGE OF PRODUCTS**

Toshiba reserves the right at any time and from time to time without incurring any liability to Dealer to do any or all of the following:

a)   Cease distributing any or all Products;

b)   Add additional products to its distribution line-up;

c)   Substitute for Products ordered by Dealer products in which the design or construction has been altered by Toshiba;

d)   Withdraw, reissue or amend any Product warranty or any part thereof; and

e)   Change any and all of its sales and distribution policies.

9.   **NO FEES OR COMMISSIONS**

The parties agree that the prices established for purchases of Products made by Dealer pursuant to the terms of this Agreement are bona fide wholesale prices. Except as otherwise specifically provided in this Agreement, neither party shall be required to pay nor be entitled to receive any other payments, fees, compensation or commission from the other. Each party agrees to bear and be fully responsible for its own expenses and further agrees that, except as otherwise specifically provided in this Agreement, it shall not be entitled to reimbursement by the other for any such expenses.

7

10.   **WARRANTY**

a) Products are sold to Dealer for resale to consumers only. Toshiba warrants Products directly to the consumer. The nature and extent of these warranties varies from Product to Product. Aside from these consumer warranties, Products are sold "as is". DEALER ACKNOWLEDGES THAT NO OTHER WARRANTIES WITH REGARD TO THE PRODUCTS, WHETHER OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE, ARE CREATED BY THIS AGREEMENT AND TOSHIBA HEREBY DISCLAIMS AND EXCLUDES ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. ANY WARRANTY AGAINST INFRINGEMENT THAT MAY BE PROVIDED IN SECTION 2-312 (3) OF THE UNIFORM COMMERCIAL CODE AND/OR IN ANY OTHER COMPARABLE STATE STATUTE IS EXPRESSLY DISCLAIMED. Toshiba shall in no event be liable to Dealer for any breach of warranty in an amount exceeding the purchase price of the Products.

b) If Dealer sells a Product to a consumer "as is," then Dealer must advise the consumer that Toshiba's consumer warranty is invalid.

c) Dealer acknowledges that Toshiba shall not be responsible for any extended consumer warranty that Dealer may sell or otherwise provide to consumers.

11.   **LIMITATION OF LIABILITY**

a)    Dealer agrees that Toshiba's total liability for the breach of this Agreement or any provision or provisions of this Agreement shall be limited to the price paid by Dealer for unsold Products which shall then be returned to Toshiba by Dealer.

b)    **UNDER NO CIRCUMSTANCES SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR SPECIAL, INCIDENTAL, INDIRECT, PUNITIVE OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR RELATING TO THIS AGREEMENT, ITS BREACH OR THE BREACH OF ANY ONE OR MORE PROVISIONS HEREOF, EVEN IF THE OTHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH POTENTIAL LOSS OR DAMAGES.**

c)    Except as otherwise required in Section 5, all causes of action by Dealer against Toshiba must be instituted against Toshiba within one (1) year from the date of the event that gave rise to the cause of action.

d)    Cessation of Sales in Instances of Product Safety Recall:

(i)    In the event that Toshiba recalls any Products for safety reasons, Dealer shall immediately cease to sell the affected Products upon Dealer's receipt of notice from Toshiba regarding such recall, and shall segregate all

8

affected Products until receipt of written instructions from Toshiba, and Toshiba shall at its option and in its sole discretion, either inspect the Products to ensure that they comply with all of Toshiba's specifications and exchange any Products that it deems to be non-compliant with Products it determines are compliant, or require that Dealer return to Toshiba all such Products, and upon receipt of all such Products returned in their original cartons, together with all accessories, manuals and packing materials, Toshiba will grant Dealer full credit for the purchase price of the Products, less any promotional allowances and discounts given by Toshiba on such Products.

(ii)   Dealer shall cooperate fully with Toshiba in connection with any such recall of a Product for safety reasons, such cooperation to include, but not be limited to, posting notices on Dealer's website and, to the extent permitted by law, providing Toshiba with contact and other information regarding customers who have purchased any such recalled Product.

e)   Cessation of Sales in Instances of Infringement and Possible Infringement:

(i)   In the event any Products become, or in Toshiba's opinion are likely to become, the subject of a claim of infringement or wrongful use of any third party's patent, trademark, copyright or other proprietary right, Dealer shall, upon Dealer's receipt of written instructions from Toshiba, immediately cease to sell such Products, or offer such Products for sale, or display, advertise or otherwise promote such Products. Toshiba shall at its option and in its sole discretion, either modify the Products so that sales thereof cease to be infringing, procure for Dealer the right to continue selling such Products, or require that Dealer return to Toshiba all such Products, and upon receipt of all such Products returned in their original cartons, together with all accessories, manuals and packing materials, Toshiba will grant Dealer full credit for the purchase price of the Products, less any promotional allowances and discounts given by Toshiba on such Products.

(ii)   Dealer shall cooperate fully with Toshiba in connection with any such instance of infringement or possible infringement, such cooperation to include, but not be limited to, posting notices on Dealer's website and, to the extent permitted by law, providing Toshiba with contact and other information regarding customers who have purchased any affected Products.

f)   Infringement Not the Responsibility of Toshiba: Toshiba shall not have any liability whatsoever to Dealer or any of Dealer's customers for any loss or damage resulting from a claim of infringement or wrongful use based upon or arising from

(i)   Toshiba's compliance with Dealer's instructions or specifications,

9

(ii)     any equipment, products, software, data or other work not manufactured, designed, assembled or supplied by Toshiba,

(iii)    the use of any Product in implementing or practicing a process,

(iv)    infringement resulting from a combination, alteration or configuration of equipment, except as recommended by Toshiba in writing, or

(v)     the use of any non-Toshiba name or mark or of any work not authorized by Toshiba.

## 12.     INTELLECTUAL PROPERTY/TRADEMARKS

a)     Except as otherwise provided in this Agreement, the sale of Products to Dealer does not convey to Dealer any intellectual property rights in such Products or any software contained therein, including, but not limited to, any patent, trademark, copyright, or trade secret rights. During the term of this Agreement, Dealer shall have a limited non-exclusive license to use Toshiba's trademarks, trade names, logos, copyrighted materials, or other content or intellectual property of any type or kind provided by Toshiba to Dealer for Dealer's use in connection with this Agreement ("Toshiba IP"), provided such use is

(i)     solely and exclusively in connection with Dealer's advertisement, promotion, sale and offer for sale of Toshiba's Products pursuant to and in accordance with this Agreement, and

(ii)    in accordance with Toshiba's then-current trademark usage guidelines.

b)     Dealer shall not modify, remove or destroy any copyright notices, trademarks or other proprietary markings on the Products, or on any software, documentation or other materials related to the Products, or on any Toshiba IP.

c)     Dealer acknowledges and agrees that the rights granted to Dealer under this Agreement with respect to the Toshiba IP are limited non-exclusive license rights only and nothing contained in this Agreement constitutes, or shall be construed to constitute, a transfer or assignment of any or all of Toshiba's rights in and to the Toshiba IP. Dealer acknowledges and agrees that Toshiba is the sole owner of the Toshiba IP, all proprietary rights with respect to the Toshiba IP, and all goodwill associated therewith, and Dealer's use of Toshiba's tradename, trademarks, logos, and the other Toshiba IP shall inure solely to the benefit of Toshiba. Dealer shall not at any time, whether during or after the term of this Agreement, do or cause to be done any act or thing challenging, contesting, impairing, invalidating, or tending to impair or invalidate any of Toshiba's rights in any of the Toshiba IP or in any registrations obtained with respect to or in connection with the Toshiba IP.

d) Dealer may represent itself as a Toshiba Authorized Dealer for the Products, only in a manner consistent with and subject to the terms of this Agreement and by using logos and artwork provided by Toshiba.

e) Dealer will not use the name "Toshiba" nor any trademark now or hereafter used or owned by Toshiba in Dealer's trade or corporate name.

f) Dealer shall immediately notify Toshiba of any apparent infringement of Toshiba's IP, or of any claim by any person of any rights in Toshiba's IP. Toshiba shall have sole discretion to take such action as it deems appropriate and shall have the exclusive right to control any litigation, Patent and Trademark Office proceeding, or other proceeding arising out of such infringement or claim.

g) Upon termination of this Agreement, Dealer agrees to remove from its premises and any and all of its vehicles and property, except Products, all writings, representations, signs, insignias and other sales or promotional materials which in any way display the name "Toshiba" or any other trade name and trademarks of Toshiba or which are related to this Agreement or to the Products sold hereunder and to thereafter discontinue the use of such trade names and trademarks.

13. **INDEMNIFICATION**

a) Dealer will indemnify, defend, and hold Toshiba, its parent, affiliates, directors, agents and employees harmless from and against any and all claims, actions, liabilities, losses, costs and expenses arising from or in connection with Dealer's breach of this Agreement, including, but not limited to, any false, misleading, or unauthorized statements made by Dealer about Products or Dealer's improper use of any Toshiba IP. Toshiba agrees to give Dealer prompt written notice of any such claims, to tender the defense to Dealer, to cooperate fully with any investigative or other requests at Dealer's expense, and to grant Dealer the right to control settlement and resolution. Dealer agrees to pay all costs finally awarded by a court of competent jurisdiction after appropriate appeals or agreed in a settlement of any such claim, including reasonable attorney fees and costs. Toshiba shall not be required to authorize or consent to any settlement or other disposition of any claim that is not reasonably acceptable to Toshiba.

b) Subject to the terms of Section 11 (e) and (f) and Dealer's fulfillment of all of its obligations under this Agreement, Toshiba shall indemnify, defend and hold Dealer harmless from and against any and all claims, actions, liabilities, losses, costs and expenses arising from or in connection with claims that the Products infringe or constitute wrongful use of a third party's intellectual property rights. Dealer agrees to give Toshiba prompt written notice of any claims, to tender the defense to Toshiba, to cooperate fully with any investigative or other requests at Toshiba's expense, and to grant Toshiba the right to control settlement and resolution. Toshiba agrees to pay all costs finally awarded by a court of competent jurisdiction after appropriate appeals or agreed in a settlement of any such claim,

11

including reasonable attorney fees and costs.  If Dealer fails to cooperate with Toshiba pursuant to this Section or Section 11(e), Toshiba may, in its sole discretion, elect to avoid its indemnity obligation under this Section without any liability to Dealer.

c) **Disclaimer of Liability: EXCEPT AS EXPRESSLY SET FORTH IN THIS SECTION 13, TOSHIBA AND ITS SUPPLIERS DISCLAIM ALL LIABILITY WHATSOEVER TO DEALER OR DEALER'S CUSTOMERS FOR LOSS OR DAMAGE, INCLUDING, WITHOUT LIMITATION, CONSEQUENTIAL, INCIDENTAL, SPECIAL OR EXEMPLARY DAMAGES ARISING OUT OF OR RELATED TO ANY ALLEGATION OR DETERMINATION THAT ANY PRODUCT OR ANY ACTION IN CONNECTION WITH A PRODUCT INFRINGES OR CONSTITUTES INFRINGEMENT OR WRONGFUL USE OF ANY PATENT, TRADEMARK, COPYRIGHT OR OTHER PROPRIETARY RIGHT UNDER APPLICABLE LAWS.**

d) The Products sold by Toshiba to Dealer shall be covered by Toshiba's product liability insurance.

e) The obligations and rights under this Section 13 shall survive the term and termination of this Agreement for any reason whatsoever.

14. **TERM AND TERMINATION**

a) This Agreement shall commence on the date it is finally executed by both parties, and shall remain in effect until terminated pursuant to and in accordance with this Section 14.

b) Either party may terminate this Agreement at any time for any reason, with or without cause, upon thirty (30) days written notice to the other.

c) Toshiba may terminate this Agreement upon ten (10) days written notice in the event that (i) Dealer violates any of the obligations set forth in this Agreement, or (ii) control of Dealer is acquired, directly or indirectly, by a third party, or (iii) Dealer is merged with a third party.

d) Toshiba may, at its option, terminate this Agreement immediately upon written notice to Dealer if:

    (i) Dealer engages directly or indirectly in any attempt to defraud Toshiba;

    (ii) Dealer sells or otherwise transfers Products to persons other than bona fide retail consumers;

    (iii) A receiver is appointed for Dealer or its property;

12

(iv)    Dealer becomes insolvent or has otherwise failed to meet its obligations as they become due,

(v)    Dealer files a voluntary bankruptcy petition or has an involuntary bankruptcy petition filed against it, which is not dismissed within sixty (60) days from the date of initiation;

(vi)    Dealer makes an assignment for the benefit of creditors;

(vii)    Toshiba in good faith believes that the prospect of payment or performance by Dealer is impaired; or

(viii)    Dealer is liquidated or dissolved.

e)    The entire balance of any and all indebtedness of either party to this Agreement to the other, including but not limited to notes, trade acceptances or accounts shall mature and be immediately due and payable upon the expiration of this Agreement or the effective date of its termination, any provisions or terms of the instruments evidencing or creating such indebtedness notwithstanding.

f)    Upon expiration or other termination of this Agreement, Toshiba shall have the option, but not the obligation, to repurchase Dealer's inventory of Products or parts therefor or both at the price Dealer actually paid for such Products or parts less any promotional charges. The parties shall agree upon payment terms in advance of any repurchase.

g)    **In entering into this Agreement, the parties recognize that this Agreement may be terminated, subject to Section 14(b), (c) and (d), at any time with or without cause. The parties represent to one another that they have fully considered the possibility that they may elect to make expenditures and investments in preparing for performance of this Agreement and the possibility that such expenditures and investments could be lost in whole or in part if this Agreement should be terminated. Neither party shall be liable, by reason of such termination, to the other for compensation or damages of any kind whatsoever, including an award in arbitration, relating to or arising out of such termination. In addition, the parties recognize that Dealer's sales and support of Products may enhance the image and salability of all Toshiba products in the Authorized Locations. However, Dealer disclaims any right to the goodwill generated by the marketing and sale of the Products. Dealer agrees that this market development is incidental to its efforts to sell Products and that it shall not be entitled to any compensation from Toshiba or to renewal of this Agreement or any other agreement for developing the market or for loss of a developed market in the event that this Agreement expires or if Toshiba elects to terminate this Agreement or exercise other rights or options under this Agreement or otherwise.**

13

h)  The acceptance of any order from Dealer or any sale made to Dealer after termination of this Agreement shall not constitute a renewal, extension or reinstatement of this Agreement or a waiver of such termination, but each such order and sale shall be governed by the same terms and conditions as those set forth in this Agreement.

i)  Upon or within ten (10) days of the effective date of termination of this Agreement, Dealer shall promptly return to Toshiba all documents, materials and tangible property, including but not limited to, all displays, supplied by Toshiba, and shall maintain confidential any information received from Toshiba which is not or cannot be returned.

j)  Except as expressly provided to the contrary in this Agreement, the expiration or termination of this Agreement shall be without prejudice to any right, which shall have accrued to either party prior to such expiration or termination.

k)  The terms of Sections 2, 3(d), 4(c and d), 5 (a, d, g, h and i), 6(e, f, g, h and i), 7 (for so long as Dealer is selling any of its inventory of Products), 10, 11, 13, 14(g and h), 15, 16, 25 and 26 shall survive any termination of this Agreement.

15. **TERMINATION OF AUTHORIZED DEALER STATUS**

Upon the termination of this Agreement, Dealer shall immediately cease to represent itself as a Toshiba Authorized Dealer with respect to the Products and shall otherwise desist from all conduct or representations which might lead the public to believe that Dealer is authorized by Toshiba to sell its Products; provided, however, that Dealer shall have the right to sell, in accordance with the provisions of this Agreement, those Products which shall be in its inventory on the date of such termination and which Toshiba shall not have repurchased pursuant to the provisions of Section 14(f) of this Agreement.

16. **CONFIDENTIALITY**

a)  This Agreement and any information marked as confidential or, regardless of form (written/electronic/oral) or marking, any non-public technical, marketing, price or other information which is disclosed by either party to the other shall be considered to be "Confidential Information". Each party agrees to use the Confidential Information of the other party solely in connection with such party's performance of its duties and obligations under this Agreement and not to disclose any Confidential Information of the other party except to its own employees, or to a third party consultant subject to a similar confidentiality agreement, who have a need to know such information to perform their responsibilities.

b)  "Confidential Information" shall not include any information which

i)  is or becomes generally known or available through no act or failure to act by the receiving party;

14

ii)      is already known by the receiving party as evidenced by its written records; or

iii)     is hereafter rightfully furnished to the receiving party by a third party without restriction on disclosure.

c)     If either party is requested to disclose any of the other party's Confidential Information in or in connection with any administrative, legal, or other proceeding, such party will give, to the extent such party is allowed to do so by law, the other party prompt notice of such request so that such other party may seek an appropriate protective order. It is further agreed that, if in the absence of a protective order a party is nonetheless compelled to disclose the other party's Confidential Information, a party may disclose such information without liability hereunder; provided, however, that such party gives the other party written notice of the information to be disclosed as far in advance of its disclosure as is practicable and, upon the other party's request, uses its reasonable best efforts to obtain assurances that confidential treatment will be accorded to such information.

d)     Each party further acknowledges that monetary damages may not alone be a sufficient remedy for unauthorized disclosure of Confidential Information and that the non-disclosing party shall be entitled to seek all remedies and damages available in law and equity, including but not limited to such injunctive relief as may be deemed proper by a court of competent jurisdiction.

e)     The terms of this Section shall survive any termination of this Agreement.

## 17.   DULY AUTHORIZED REPRESENTATIVES

The following persons are the only persons authorized by their respective companies to amend or modify this Agreement or take other actions which, pursuant to the terms of this Agreement, can be taken only by duly authorized representatives of their company. **Any handwritten changes made by Dealer will not be accepted unless initialed by a duly authorized representative of Toshiba.**

For Dealer:    Muscat Tensit

For Toshiba:   President or the most senior executive in charge of Sales

## 18.   EXECUTION

This Agreement shall not be binding upon Toshiba until it has been executed on behalf of Toshiba by its duly authorized representatives.

19. **COMPLIANCE WITH EXPORT LAWS**

The products sold under this Agreement may be controlled under the U.S. Export Administration Regulations ("EAR") and may be subject to the approval of the U.S. Department of Commerce prior to export. Any export or re-export by Dealer, directly or indirectly, in contravention of this Agreement or the EAR is prohibited. Dealer specifically agrees to comply with such regulations, and shall sign a Statement of Assurance in the form annexed hereto as Exhibit C or in a substantially similar form to be provided by Toshiba from time to time, confirming Dealer's compliance therewith.

20. **BUSINESS ETHICS**

Toshiba conducts its business in accordance with the highest professional and ethical standards. Toshiba policy prohibits the solicitation or acceptance of any bribe, kickback, or gratuity by any Toshiba employee in the transaction of its business. The payment of any bribe, kickback, or gratuity is not a condition for doing business with Toshiba. Dealer shall report any violation of this policy to Toshiba's General Counsel at the Legal Department address specified in Section 25.

21. **NO ASSIGNMENT**

Dealer represents that it is specially and uniquely qualified as a Toshiba Authorized Dealer. Neither party shall assign or otherwise transfer this Agreement, its performance, any purchase order, nor any part thereof without the express written consent of the other party, which consent may be withheld with or without good cause or reason. Notwithstanding the foregoing, Toshiba may assign its obligations hereunder to a parent, subsidiary or affiliated corporation upon notice to Dealer but without Dealer's consent.

22. **FORCE MAJEURE**

Neither party shall be liable to the other for any failure or delay in performing its obligations under this Agreement, other than obligations to pay money, when such failure or delay is directly or indirectly due to act of God, war, threat of war, strikes or other labor problems, inability to obtain or manufacture goods, accident, fire, government order or regulations or any other cause beyond its reasonable control.

23. **NO WAIVER**

No waiver by either party of any default or breach of any of the terms or conditions of this Agreement by the other party shall constitute a waiver of any prior or subsequent default or breach hereof.

24. **INVALID/UNENFORCEABLE PROVISIONS**

Any provision of this Agreement which is determined to be invalid or unenforceable will be ineffective to the extent of such determination without invalidating the remaining provisions of this Agreement or affecting the enforceability of such remaining provisions.

25. **NOTICES**

All notices required by the terms of this Agreement shall be in writing signed by the party serving the same, and addressed as follows:

If to Dealer:    ~~Sixth Avenue Electronics City, Inc.~~
                 ~~22 Route 22 West~~
                 ~~Springfield, NJ 07081~~
                 Attn: ~~Musat Temiz~~

If to Toshiba:   Toshiba America Consumer Products, L.L.C.
                 82 Totowa Road
                 Wayne, NJ  07470

                 Attn:   Gerald Satoren
                         Group Vice President - Sales

                 With a copy to the Legal Department at the same address.

Notices shall be deemed given upon personal delivery, upon the 5th day after mailing by certified or registered mail, postage prepaid, return receipt requested, or upon delivery by means of a nationally-recognized overnight air courier service to the parties at the addresses indicated above, or at such other addresses as the parties may designate by written notice in the manner provided in this Section.

26. **GOVERNING LAW, VENUE AND PERSONAL JURISDICTION**

a)    This Agreement shall be governed by the substantive laws of the State of New Jersey, with the exception of its conflict of law provisions; provided, however, that this provision is not intended to make any statute or law, including but not limited to common law, applicable to the relationship of the parties unless it would otherwise be applicable by its terms or intent.

b)    All disputes between the parties shall be resolved in the State or Federal courts in the State of New Jersey. Each party hereby irrevocably consents to the jurisdiction and venue of such courts.

c)    Notwithstanding the foregoing, if Toshiba becomes a party to any action or proceeding, including, without limitation, any arbitration instituted by any third party in any court or forum in which a claim is asserted against Toshiba as to which Toshiba may be entitled, in whole or in part, to indemnification, contribution or equitable apportionment by Dealer under this Agreement or otherwise, Dealer hereby irrevocably consents to the jurisdiction of each such court or other forum, wherever located, and Dealer agrees not to raise the defenses of lack of *in personam* jurisdiction, improper venue or *forum non conveniens* or similar grounds in or in connection with any such matters.

17

d)  Each party hereby irrevocably agrees to waive its respective rights to a trial by jury (regardless of the source of such right) in any action against the other arising from and/or directly or indirectly related to or connected with this Agreement.

## 27.  SECTION HEADINGS

Section headings used in this Agreement are inserted merely for the purpose of convenience, and do not expressly or by implication limit, define or extend any specific terms or text of the sections so designated and shall not in any way affect the meaning or interpretation of this Agreement.

## 28.  EXHIBITS INCORPORATED BY REFERENCE

Exhibits A, B and C are incorporated herein by reference.

## 29.  CONSTRUCTION

The parties stipulate that this Agreement has been negotiated and drafted by them jointly, each with option to have the assistance of counsel of its choice, and that this Agreement shall be interpreted and enforced without regard to any doctrine or rule of construction against the drafter.

## 30.  ENTIRE AGREEMENT/MODIFICATIONS

This Agreement constitutes the complete agreement of the parties relating to the matters specified herein and supersedes all prior or contemporaneous representations or agreements, whether oral or written, with respect to such matters.  No waivers, oral modifications, alterations or amendments of this Agreement shall be binding on any party unless reduced to a writing referencing this Agreement and signed by authorized representatives of each party.  This is a material provision of this Agreement and is non-waivable by the parties.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement by their duly authorized officers.

**(Dealer)**                                    TOSHIBA AMERICA CONSUMER
                                                PRODUCTS, L.L.C.

By: _____            By: _____

Title: ___CEO / President___            Title: __Group VP-Sales__

Date: ___10/15/09___                    Date: __10/22/09__

18

_____
*(Name of Dealer)*

## EXHIBIT A

## AUTHORIZED LOCATIONS

Dealer shall act as a Toshiba Authorized Dealer at the locations listed below.  Toshiba reserves the right to modify this Exhibit A at any time, in its sole discretion, upon thirty (30) days notice to Dealer.

Please See attached ...

| | |
|---|---|
| Address | Address |
| City State Zip | City State Zip |
| Phone No. | Phone No. |
| | |
| Address | Address |
| City State Zip | City State Zip |
| Phone No. | Phone No. |
| | |
| Address | Address |
| City State Zip | City State Zip |
| Phone No. | Phone No. |
| | |
| Address | Address |
| City State Zip | City State Zip |
| Phone No. | Phone No. |

Page _____ of _____

 # SIXTH AVENUE ELECTRONICS

CORPORATE OFFICES

## Store Locations

**Brick** – Rt 49
451 Brick Boulevard
Brick, NJ 08723
Phone: 732-477-1059
Fax: 732-477-3290

**Carle Place** – Rt 76
235 Old Country Road
Carle Place, NY 11514
Phone: 516-214-5300
Fax: 516-741-0920

**Commack** – Rt 75
755 Larkfield Road
Commack, NY 11725
Phone: 631-864-2184
Fax: 631-462-0784

**East Brunswick** – Rt 18
545 Route 18 South
East Brunswick, NJ 08816
Phone: 732-390-5100
Fax: 732-390-5545

**Jersey City** – Rt 440
701 Route 440 South
Jersey City, NJ 07304
Phone: 201-839-6133
Fax: 201-413-5094

**Livingston** – Rt 10
612 Route 10 West
Livingston, NJ 07039
Phone: 973-535-6007
Fax: 973-535-3201

**Lynbrook** – Rt 77
831 Sunrise Highway
Lynbrook, NY 11563
Phone: 516-593-5357
Fax: 516-825-2635

**Montgomeryville** – Rt 51
753 Route 309
Montgomeryville, PA 18936
Phone: 215-362-0306
Fax: 215-362-1057

**North Bergen** – Rt 3
3129 Kennedy Boulevard
North Bergen, NJ 07047
Phone: 201-865-6444
Fax: 201-422-7452

**Paramus** – Rt 17
530 Route 17 North
Paramus, NJ 07652
Phone: 201-597-0520
Fax: 201-597-9910

**Paramus** – Rt 4
331 Route 4 West
Paramus, NJ 07652
Phone: 201-489-0666
Fax: 201-489-7339

**Smithtown** – Rt 78
1000 Nesconset Highway
Smithtown, NY 11787
Phone: 631-265-2310
Fax: 631-265-2528

**Springfield** – Rt 22
22 Route 22 West
Springfield, NJ 07081
Phone: 973-467-3905
Fax: 973-924-8457

**W. Long Branch** – Rt 36
310 Route 36 East
Monmouth Consumer Center
West Long Branch, NJ 07764
Phone: 732-578-0808
Fax: 732-578-9437

**W. Paterson** – Rt 46
1734 Route 46 West
West Falls Plaza
West Paterson, NJ 07424
Phone: 973-812-2100
Fax: 973-812-5024

**Wilmington** – Rt 58
4130 Concord Pike
Wilmington, DE 19803
Phone: 302-479-0400
Fax: 302-479-0493

**Woodbridge** – Rt 1
950 Route 1 North
Woodbridge, NJ 07095
Phone: 732-602-1117
Fax: 732-602-8099

**EXHIBIT B**

**TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.**

**INTERNET TERMS AND CONDITIONS**

Unless otherwise defined in these Internet Terms and Conditions, all capitalized terms shall have the meaning assigned to them in the Agreement.

1.  **AUTHORIZED WEBSITE**
    Dealer is authorized to advertise and resell Products via the Internet only through Dealer's site on the Internet located at the following URL address: ＿＿＿＿＿＿＿ ("Dealer's Authorized Website"), and through no other site or Internet channel whatsoever.

2.  **SELLER OF RECORD**

    Dealer shall be the seller of record on all Product transactions. As the seller of record under this Agreement, Dealer will be the only party that solicits, receives orders and ships Products, sends invoices and accepts payment for Products. For the avoidance of any doubt, Dealer is absolutely prohibited from advertising or selling Products on the Internet through any portal or other site except Dealer's Authorized Website.

3.  **TOSHIBA'S DUTIES**

    So long as Dealer remains in compliance with the Agreement and these Internet Terms and Conditions, and has not been given notice by Toshiba that it is not authorized to sell Products via the Internet, Toshiba agrees to:

    a)   list Dealer as an Authorized Internet Dealer in the dealer locator section of Toshiba's site on the Internet located at the following URL address: www.toshiba.com/tacp ("Toshiba's Website"); and

    b)   provide a user initiated ("invoke-to-load") hyperlink from the dealer locator section of Toshiba's Website to Dealer's Toshiba Site (as later defined herein).

    Dealer hereby grants to Toshiba all necessary rights, licenses and permissions under all intellectual property and other applicable laws for the purposes set forth in this Section 3.

4.  **CONTENT REQUIREMENTS FOR DEALER'S AUTHORIZED WEBSITE AND DEALER'S TOSHIBA SITE**

    Dealer acknowledges that the content of Dealer's Authorized Website is of utmost importance to Toshiba and is a matter which is of the essence of this Agreement. Therefore, Dealer agrees that Dealer's Authorized Website and Dealer's Toshiba Site (as later defined herein) will meet the following requirements.

    a)   Dealer's Authorized Website will include pages dedicated solely to Toshiba, which will be identified as Dealer's site for Toshiba's Products and may be linked externally only to Toshiba's Website ("Dealer's Toshiba Site").

    b)   Dealer will use Toshiba trademarks and logos in accordance with Toshiba policies and guidelines that are posted at http://resellers.tacp.toshiba.com/marketingresources.asp.

    c)   Dealer will provide Toshiba's model numbers for all Products referenced on Dealer's Authorized Website and Dealer's Toshiba Site.

d)     Dealer's Toshiba Website will only contain images and information about Products and how to purchase Products from Dealer's Authorized Website (including "shopping cart" access through or from Dealer's Toshiba Website).  The Product and purchase information will include:

      i)     Toshiba's model number for each Product offered for sale on Dealer's Toshiba Site.

      ii)     A notice to users of additional charges from Dealer that will or may apply, which notice will be displayed before users may complete their final purchase.

      iii)     A notice to users regarding the status of Dealer's inventory of each existing model of the Products offered for sale on Dealer's Toshiba Site.  Dealer will not indicate a product is in-stock or in inventory unless it is in Dealer's shipping location. Dealer will provide a projected available date for any Product that is listed as being "out of stock".

      iv)     A notice to users concerning the month and year of expected availability of new models, provided that such information is provided by Toshiba.

      v)     A toll-free customer service number for Dealer.

      vi)     Dealer's Toshiba Site will contain a notice that Dealer will only sell Products to bona fide end-users for delivery in the continental United States, Alaska and Hawaii.  Any order placed on or through Dealer's Authorized Website for delivery to an end-user outside of the continental United States, Alaska or Hawaii will bring up a notice that Dealer is not authorized to sell or ship to the location requested.

e)     Dealer's Authorized Website will include invoke-to-load hyperlinks to the homepage and the Authorized Internet E-Tailers page of Toshiba's Website.

f)     Dealer's Toshiba Site may use the same glossary of terms as that used by Toshiba on Toshiba's Website.  Dealer may provide invoke-to-load hyperlinks from Dealer's Toshiba Site to the glossary of terms located on Toshiba's Website, and Toshiba hereby grants to Dealer all necessary rights, licenses and permissions under all intellectual property and other applicable laws for the purposes of invoking and allowing use and access to Toshiba's glossary.

g)     Dealer's Toshiba Site will include a search mechanism that will allow users to search Products by name, category and model number within Dealer's Toshiba Site.  If Dealer's Authorized Website contains a product or product category search tool then such tools must allow users to locate Toshiba's Products.

h)     Dealer's Toshiba Site will include the following Product Descriptions:

      i)     a description of the features and benefits of each model of the Products referenced on Dealer's Authorized Website;

      ii)     a complete list of each model's specifications; and

      iii)     a picture of each model of the Products offered or advertised by Dealer on Dealer's Toshiba Site.

Dealer may copy the Product Descriptions from Toshiba's Website. Toshiba hereby grants Dealer a non-exclusive right to reproduce and display all or part of the Product Descriptions on Dealer's Toshiba Site for the sole purposes of fulfilling its obligations pursuant to these Internet Terms and Conditions, provided that Dealer shall not otherwise

modify the Product Descriptions in any manner without prior written consent from Toshiba's Corporate Communications Department. Dealer's right to use the Product Descriptions on Dealer's Toshiba Site or Dealer's Authorized Website terminates upon the expiration or termination of Dealer's authority under this Agreement to sell Products via the Internet. Dealer hereby acknowledges and agrees that, except for the limited right to copy and use granted in this Section, it has no ownership or other property interest in or to the Product Descriptions.

i)  The first page of Dealer's Toshiba Site will include a clear and conspicuous statement of Dealer's privacy and usage policies with regard to all customer information gathered via Dealer's Authorized Website or Dealer's Toshiba Site.

j)  A prominent statement of the level of security and privacy provided for online transactions will be displayed on the ordering page(s) of Dealer's Authorized Website and Dealer's Toshiba Site. Dealer shall provide the highest level of security and privacy then available for Dealer's Authorized Website and Dealer's Toshiba Site, which security and privacy measures shall include, but not be limited to: (i) compliance with all applicable laws including, by way of example and not of limitation, laws regarding privacy and protection of consumers, (ii) preparation, posting and compliance with lawful terms of use and privacy policies, (iii) consistent implementation of "state of the art" technical solutions and programs regarding security and privacy, and (iv) obtaining endorsement from a reputable and well known third party organization that will periodically evaluate Dealer's security and privacy measures, and that permits Dealer to post such approval on its sites (e.g., TRUSTe).

k)  Dealer will prominently display on the first page of Dealer's Authorized Website and at Dealer's Toshiba Site any icon, image or graphic display provided by Toshiba that signifies that Dealer is a Toshiba Authorized Internet Dealer for consumer electronics products; provided, however, that Dealer may not make any reference in Dealer's Authorized Website or in any advertising with regard to being an Authorized Toshiba Internet Dealer for any Toshiba–branded product without identifying the products or service for which Dealer is authorized in a clear and conspicuous manner.

Toshiba reserves the right to modify these requirements from time to time upon notice to Dealer. Dealer agrees to modify Dealer's Authorized Website and Dealer's Toshiba Site to comply with the modified requirements within 3-5 days of receipt of such notice.

5.  **DEALER'S DUTIES**

Dealer agrees that while Dealer is exercising its right to sell Products via the Internet:

a)  Dealer will maintain Dealer's Authorized Website and Dealer's Toshiba Site in accordance with the content requirements specified herein.

b)  TACP has the right to monitor Dealer's Toshiba Site and Dealer's Authorized Website periodically and to request changes at any time if they are not compliant with these Internet Terms and Conditions. Dealer must comply with requested changes, within 3-5 days.

c)  In all cases in which review and approval of content by Toshiba is required, Toshiba's review and approval will not be unreasonably withheld or delayed and will include, but not be limited to, a review of:

i)  proper usage of Toshiba trademarks, logos and trade names;

ii)  compliance with Toshiba's graphical, picture quality and resolution standards;

iii)  product performance claims;

Exhibit B – Page 3 of 7

iv)  the Products being sold by Dealer on the Internet to confirm that Dealer is authorized by Toshiba to sell such Products; and

v)  warranty information provided by Dealer; and

d)  Dealer will only sell or offer to sell via the Internet those Products which Dealer currently has in inventory or which have been ordered from Toshiba and which order has been accepted by Toshiba as available for delivery. Dealer may accept orders for such Products via the Internet or telephone. Dealer will not invoice its customers until Dealer ships Products to them.

e)  Dealer will sell and promote the retail sale of Products authorized hereby only to bona fide retail end-users for delivery in the continental United States, Alaska and Hawaii. Dealer's Authorized Website will contain a notice of these restrictions, which will appear when any order is placed on or through Dealer's Website for delivery to an end user outside of the continental United States, Alaska or Hawaii.

f)  Dealer will provide at least the following customer services:

i)  a toll-free customer service telephone number for Dealer to answer user inquiries regarding the Products, their use and related matters, for at least ten (10) hours a day, six (6) days a week, which is adequately staffed with enough individuals to meet anticipated demand and who, in the aggregate, have been trained in the operation, features and benefits of all Products then offered for sale on Dealer's Toshiba Site;

ii)  use of state-of-the-art technology, protocols and other measures to ensure the safety, confidentiality, privacy and security of transactions conducted online;

iii)  order status information (acceptance or rejection) and product availability status within twelve hours of the submission of each order and, if not immediately available, provide the customer with the option of canceling the order;

iv)  shipment of any Product ordered within forty-eight (48) hours of order acceptance; and if there is a delay, Dealer will immediately notify its customer. Shipment must be made in accordance with Federal Trade Commission requirements and within thirty (30) days of order, unless another delivery time is expressly stated on Dealer's Authorized Website.

v)  one or more reliable delivery service providers capable of proper and safe delivery of the Products to all locations within the continental United States, Alaska and Hawaii.

g)  Dealer agrees that a knowledgeable sales and support staff is needed to provide information concerning the Products to end-users. Therefore, Dealer will, from time to time, permit a representative of Toshiba to provide product training at a mutually agreeable time and place and will cause its sales and support staff to attend. If Dealer has its own product training department, then Dealer will require its product training staff to attend Toshiba's product training and in turn train Dealer's customer service representatives internally. Product training will be provided to Dealer by Toshiba at Toshiba's sole option.

h)  Dealer will comply with all applicable federal, state and local laws, including, without limitation, those applicable to mail order, catalog and Internet sales and services, and the privacy of personal and personally identifiable information.

Exhibit B – Page 4 of 7

i)    Dealer will be solely responsible for collecting applicable sales taxes imposed by all taxing authorities on all transactions involving Products, and for complying with all later-enacted tax laws and rules governing transactions on the Internet or by other electronic means.

j)    Dealer will not sell Products by auction or reverse auction.

k)    Dealer does not, and will not during the term of the Agreement, sponsor, operate or participate in an online affiliate or portal program paying anything of value or providing in-kind compensation to another website owner or operator for sales of Products made to customers linking from or referred from such other owner's or operator's website(s). Nothing is this paragraph prohibits Dealer's advertising and promotional activities, provided that (i) such activities are directed SOLELY to encouraging purchases directly from Dealer,  (ii) Dealer's online advertising is strictly limited to the Dealer's Authorized Website, and, (iii) such activities are in compliance with Toshiba policies and guidelines that are posted at  http://resellers.tacp.toshiba.com/marketingresources.asp.
.  All sales of Products shall be exclusively between Dealer and purchasers of such Products.

l)    Dealer is solely responsible for:

   i)    the development, maintenance and hosting of Dealer's Authorized Website and Dealer's Toshiba Site;

   ii)   the implementation of security measures for transactions;

   iii)  the implementation of privacy policies and measures to protect the personally identifiable information about visitors and customers, and Dealer will not use such information except for the purposes of selling Products to visitors or customers; and

   iv)   the continued operation and proper functioning of Dealer's Authorized Website and Dealer's Toshiba Site and all hyperlinks.  Dealer agrees that it shall use best efforts to ensure that Dealer's Authorized Website and Dealer's Toshiba Site remain accessible twenty-four hours per day, seven days per week, except for reasonable downtime for scheduled maintenance.  Dealer further agrees to provide back up and failover capabilities for Dealer's Authorized Website and Dealer's Toshiba Site.

## 6.    ADDITIONAL WEBSITE COVENANTS

a)    Dealer agrees to place a hyperlink in a form approved in writing by Toshiba's Corporate Communications Department on Dealer's Authorized Website, which will link visitors to Dealer's Authorized Website directly to the homepage of Toshiba's Website.  Dealer agrees that it will make no changes to such hyperlink without Toshiba's prior written approval.  Toshiba hereby grants Dealer a nonexclusive, nontransferable right to link to Toshiba's Website (in accordance with specifications established by Toshiba from time to time) solely for purposes of linking Dealer's Authorized Website to Toshiba's Website. Dealer shall link to Toshiba's Website only through Dealer's Authorized Website, and shall not link to Toshiba's Website through any other URL or mirrored site without prior written consent from Toshiba's Corporate Communications Department.  In addition, Dealer may not link to Toshiba's Website by framing any portion of Dealer's Authorized Website or Dealer's Toshiba Site around Toshiba's Website.

b)    Dealer represents and warrants to Toshiba that, as of the date of execution of the Agreement and throughout the term of the Agreement:

Exhibit B – Page 5 of 7

i)   Dealer has duly registered the domain name of Dealer's Authorized Website with all applicable authorities and possesses all rights necessary to use, and/or grant the license to use, such domain name; and

ii)   the content and materials which Dealer has placed within Dealer's Authorized Website and Dealer's Toshiba Site, or any hyperlink therefrom, do not and will not infringe upon or violate any copyright, patent, trademark or other proprietary right of any third party, or any applicable law, regulation or non-proprietary third-party right.

iii)   Dealer shall not:

(A)   Upload, post, email, otherwise transmit, or post links to any content that

(1)   is unlawful, harmful, threatening, abusive, harassing, tortious, defamatory, vulgar, obscene, pornographic, libelous, invasive of privacy or publicity rights, hateful, or racially, sexually, ethnically or otherwise objectionable,

(2)   promotes illegal activity including, without limitation, instructions for illegal activity,

(3)   exploits the images of children under 18 years of age, or that discloses personally identifying information belonging to children under 18 years of age or harms minors in any other way,

(4)   Dealer does not have a right to transmit under any law or regulation or under contractual or fiduciary relationships (such as inside information, or proprietary and confidential information learned or disclosed as part of employment relationships or under nondisclosure agreements), or

(5)   infringes any patent, trademark, service mark, trade secret, copyright or other proprietary rights of any party, or contributing to inducing or facilitating such infringement.

(B)   Collect or store personally identifying information about other users for commercial or unlawful purposes.

(C)   Impersonate any person or entity, or falsely state or otherwise misrepresent Dealer's affiliation with a person or entity, or employ misleading email addresses or falsify information in the header, footer, return path, or any part of any communication, including emails.

(D)   Upload, post, email, otherwise transmit, or post links to any unsolicited or unauthorized advertising, promotional materials, "junk mail," "spam," "chain letters," "pyramid schemes," or any other form of solicitation, except in those areas that are designated for such purpose.

(E)   Intentionally or unintentionally violate any applicable local, state, national or international law including, but not limited to, the advertisement, offer for sale, or sale of any item that Dealer is prohibited from advertising or selling.

c)   Toshiba shall have no obligation to monitor or review Dealer's Authorized Website or Dealer's Toshiba Site, provided however, if Toshiba believes that any act or activity of Dealer in connection therewith is harmful or potentially harmful to Toshiba, any user or

Exhibit B – Page 6 of 7

any third party, then Toshiba may terminate Dealer's authority to sell Products via the Internet upon written notice to Dealer.

7. **TERMINATION OF PRODUCT SALES VIA THE INTERNET**

When Dealer stops selling Products via the Internet, voluntarily or upon notice from Toshiba, Dealer must immediately stop using any icon, image or graphic display provided by Toshiba that signifies that Dealer is a Toshiba Authorized Internet Dealer for consumer electronics products, remove all references to Toshiba and Products from Dealer's Authorized Website and Dealer's Toshiba Site, and eliminate all related hyperlinks.

8. **INDEMNIFICATION**

In addition to the indemnities provided by Dealer pursuant to the Agreement, Dealer shall defend, indemnify and hold harmless Toshiba and its respective officers, directors, employees, agents, parents and affiliates, and others working for any of them or on their behalf from and against any and all third-party claims, liabilities, losses, damages, costs and expenses (including, without limitation, reasonable attorney's fees), arising out of or resulting from the performance of these Internet Terms and Conditions or breach of any provision hereof by Dealer, including but not limited to acts, omissions, debts, liabilities, contracts or representations of Dealer, its agents or employees, and or Dealer's Authorized Website, Dealer's Toshiba Site, or the use and content thereof. As the parties intend complete indemnification, all costs and expenses of enforcing this provision shall also be reimbursed. This provision shall survive any termination or expiration of the Agreement.

Exhibit B – Page 7 of 7

**EXHIBIT C**
**[FORM OF]**

**TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.**

**STATEMENT OF ASSURANCE**

We may receive from you from time to time commodities, software, and/or technical data which, if exported from the United States would be governed by the provisions of the U.S. Export Administration Regulations and other U.S. export control laws referred to therein ("EAR"). We therefore agree to comply with said U.S. Export Administration Regulations as they pertain to such exports. We hereby certify that, unless authorized by U.S. law (either by regulation or specific written authorization), we shall not knowingly export or reexport, directly or indirectly, any of these products, or the direct product thereof, to any of the following nations or nationals thereof, as the same may be amended in the U.S. Export Administration Regulations from time to time:

Country Group E:  Cuba, Iran, Libya, North Korea, Sudan, Syria.

Country Group D:1:  Albania, Armenia, Azerbaijan, Belarus, Burma, Cambodia, Georgia, Iraq, Kazakhstan, Kyrgyzstan, Laos, Libya, Macau, Moldova, Mongolia, People's Republic of China, Russia, Tajikistan, Turkmenistan, Ukraine, Uzbekistan, and Vietnam.

As of August 1, 2006, TACP advises that all of its end-products, related software, and components are classified under ECCNs 3A991, 4A994, 5A991, 5D991, 5D992, and EAR99 and thus may by regulation be exported with No License Required to the D:1 countries. TACP will provide on request further information on specific classifications and updates.

We also acknowledge that it is unlawful to export or reexport without U.S. Government permission U.S. origin products, technology or software if we know that the products, technology, or software are (a) destined for any missile technology project; (b) will be used in the design, development, production, or use of rocket systems (including ballistic missile systems, space launch vehicles, and sounding rockets); or unmanned air vehicle systems (including cruise missile systems, target drones, remotely piloted vehicles, and reconnaissance drones); (c) will be used in the design, development, production, stockpiling, or use of chemical or biological weapons; or (d) will be used in any destination except those listed in Supplement 3 to EAR Part 744 for sensitive nuclear end-uses; or if we are informed by the U.S. Government that a validated license is required for export to this consignee because it may apply to such end-uses.

We also represent that we are not a military entity and that we will not knowingly sell, directly or indirectly, any commodities, software, and/or technical data we receive from you to or for any military end-user or end-use.

This assurance shall survive the term and termination of our relationship.

I certify that I am a responsible official of my Company and that I am authorized to sign this Statement of Assurance on its behalf.

Company:  _Sixth Avenue Electronics City, Inc._
Name:  _Nurat Temiz_
Title:  _CEO_
Signature:  _(signature)_
Date:  _12/15/09_



Exhibit "B"

**TOSHIBA AMERICA INFORMATION SYSTEMS, INC. ("TAIS")**
**DIGITAL PRODUCTS DIVISION**
**VISUAL PRODUCTS AMENDMENT**
**TO RESELLER AGREEMENT**

This Amendment ("Amendment") is made and entered into as of the __ day of _____ 2011 ("Effective Date") by and between the Digital Products Division of Toshiba America Information Systems, Inc. and SIXTH AVENUE ELECTRONICS CITY, INC. ("Reseller") to amend the Authorized Dealer Agreement between Toshiba America Consumer Products, LLC. and Reseller dated October 22, 2009 ("Reseller Agreement") that was assigned to TAIS on October 1, 2010.

WHEREAS, Reseller desires to continue to purchase and resell the authorized products under the Reseller Agreement ("Visual Products"); and

WHEREAS, Reseller agrees to abide by the terms and conditions of the Reseller Agreement and this Amendment.

NOW, THEREFORE, IN CONSIDERATION of the mutual promises and covenants herein, the Agreement is amended as follows:

1. Definitions. (a) All references to "Toshiba America Consumer Products, LLC." ("Toshiba") are changed to "Toshiba America Information Systems, Inc." ("TAIS"); and (b) all references to "Dealer" or "Distributor" are changed to "Reseller"

2. Credit. (a) Net 30 Days from date of shipment or invoice whichever occurs later; (b) Reseller grants TAIS a security interest in (i) the Visual Products now owned or to be acquired by Reseller, and (ii) the proceeds of sale, including but not limited to, all accounts receivable and the proceeds of any insurance covering the collateral.  This security interest secures the payment of all moneys owed to TAIS, as well the full performance of this Reseller Agreement by Reseller.  Reseller authorizes TAIS to file financing statements in any jurisdiction with or without the signature of Reseller.  If Reseller fails to make any payment or fails to perform this Agreement, then TAIS may exercise any rights it may have arising out of such failure; and (c) Reseller shall furnish to TAIS, yearly and/or upon request, a full and accurate detailed written statement of Reseller's financial condition, including Reseller's then current balance sheet, profit and loss statement, and such interim statements as TAIS may request.  Reseller certifies that the statements are an accurate representation of its financial condition and are certified by Reseller's certified public accountant or its chief financial officer.

3. Shipping Term. The shipping term for Visual Products will be FOB TAIS' Warehouse.  Title and Risk of loss shall pass to the Reseller at the time TAIS delivers the Visual Products to a common carrier for delivery to the Reseller or its designee.

4. Visual Products. This Amendment hereby authorizes Reseller to resell Toshiba branded Televisions (excluding Cinema Series®), DVD/Blu-ray players and recorders, portable DVD players, audio products and related Toshiba Branded Accessories ("Visual Products" or "VP").

5. Price Protection. (a) TAIS will "Price Protect" each affected product model in a model unit amount not to exceed the model unit quantity shipped by TAIS to Reseller ninety (90) days prior to the effective date of any TAIS price decrease provided that the Authorized Product must be: (i) in Reseller 's inventory or in transit from TAIS to Reseller's inventory; and (ii) in unopened factory sealed boxes available for sale as new by Reseller (b) On the effective date of any TAIS price decrease, Visual Products then in transit to TAIS from Reseller will be credited at the price in effect immediately prior to the price decrease, provided that the Visual Products are received by TAIS within seven (7) days after the price decrease.  No claim is required for receipt of such credit. (c) TAIS shall issue a credit to Reseller in an amount equal to the difference between the price in effect immediately prior to the price decrease less the price in effect immediately after the price decrease times the qualified units on hand.  This amount shall be issued as a credit to Reseller 's account balance or, at the option of TAIS, as a check to Reseller.  To qualify, all claims for price protection (including appropriate documentation as determined by TAIS) must be filed with TAIS'

Financial Services Department, on TAIS designated forms, within forty-five (45) days after the effective date of the price decrease. Reimbursement requests which fail to comply with this procedure shall be VOID. TAIS' calculation of the price protection reimbursement amount shall be final; and (d) TAIS reserves the right in its sole discretion to (i) audit all price protection claims, (ii) inspect physical inventory from time to time, and (iii) make appropriate adjustments based on the result of any audit or inspection.

6.   Product Returns.  These additional process provisions related to product returns apply: (a) Visual Products must be returned within thirty (30) days after a TAIS New Product Return Authorization is issued; (b) Returns arriving more than thirty (30) days after TAIS issues the New Product Return Authorization may, at TAIS' sole discretion, either be rejected or subject to a late return fee; (c) Visual Products may be returned for credit at current pricing. Reseller shall supply TAIS with the Product Serial Number and Toshiba Part Number at time of request; (d) TAIS reserves the right to require that all product returns be processed via electronic commerce; (e) Visual Products returned without a valid New Product Return Authorization Number will not be accepted and will be returned to Reseller at Reseller's risk and expense; and (f) TAIS shall not be responsible for any items including, but not limited to, add-on accessories returned with the Authorized Product unless these items are itemized on the New Product Return Authorization.

7.   Reporting Requirements: (a) Reseller agrees to provide TAIS with reports as TAIS may reasonably request from time to time, including sales-out-by-location and inventory level as follows (b) Sales-Out Reports. Reseller, at the option of TAIS, agrees to provide TAIS headquarters electronically with its sales-out-by-location reports.  In addition to customer name and location (city, state and zip code), said report shall include quantity, TAIS part number, and model numbers of each product sold.  Product drop shipped by TAIS on behalf of the Reseller must be included in reports; (c) Inventory Reports. Reseller, at the option of TAIS, further agrees to provide TAIS headquarters electronically with Reseller's inventory levels by location; (d) Reseller agrees to submit report electronically through either EDI or TAIS proprietary web-based reporting system; (e) Reseller must report the first working day of each week for sales in the previous week; (f) Each party will be responsible for its own transmission costs; and (g) TAIS shall keep such information confidential, subject to the confidentiality provision of the Reseller Agreement.

8.   Notice.  All notices or other communications required or permitted to be given pursuant to the Reseller Agreement shall be in writing and sent to:  Toshiba America Information Systems, Inc., 9740 Irvine Boulevard, Irvine, CA  92618 to the attention of VP/GM Digital Products Division with a copy to the General Counsel.

9.   Critical Use.  The Visual Products sold under the Reseller Agreement are not designed for any "critical applications".  Critical applications means life support systems, medical applications, connections to implanted medical devices, commercial transportation, nuclear facilities or systems, or any other applications where product failure could lead to injury to persons or loss of life or catastrophic property damage. Accordingly, TAIS disclaims any and all liability arising out of the use of the Visual Products in any critical applications. If Reseller sells the Visual Products for use in critical application, Reseller, and not TAIS, assumes full responsibility for such use.

10.  Governing Law, Jurisdiction, and Venue: The Reseller Agreement shall be construed in accordance with the laws of the State of California, without regard to conflicts of law principles. All disputes between the parties shall be resolved in the State or Federal courts in the State of New York. Each party hereby irrevocably consents to the jurisdiction and venue of such courts.

11.  Exhibit A - Authorized Locations is deleted in its entirety and intentionally left blank.  Reseller is no longer required to report locations where Visual Products are resold.

12.  To the extent of any conflict between this Amendment and the Reseller Agreement, this Amendment shall control.

13.  Except as otherwise provided in this Amendment, the terms and conditions of the Reseller Agreement shall remain unchanged.

IN WITNESS WHEREOF the parties hereto have caused this Amendment to become effective as of the Effective Date above.

AGREED:

SIXTH AVENUE ELECTRONICS CITY, INC.

Date _____ 2/4/11 _____

By _____

Print Name _____

Title: _____ CEO _____

TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.

Date: _____ 2/4/11 _____

By: _____

Jeff S. Barney
Vice President and General Manager

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
DIGITAL PRODUCTS DIVISION

EXHIBIT C
STATEMENT OF ASSURANCE ("SOA")

RESELLER receives from TAIS products, software, and technical data that are governed by the provisions of the U.S. Export Administration Regulations ("EAR") and all other applicable U.S. export control laws and regulations. RESELLER shall comply with all U.S. export laws and regulations, as amended from time to time, including, but not limited to, §736 (General Prohibitions), §742 (Control Policy), §744 (End-user and End-use Based), §746 (Embargoes and Other Special Controls), and §774 (Commerce Control List) of the EAR, as they pertain to export or re-export. RESELLER certifies that, unless authorized by U.S. laws and regulations (either by specific regulation or written authorization from the U.S. Government), RESELLER shall not knowingly export or re-export, directly or indirectly, any of these products, software, technical data, or the direct product thereof.

RESELLER also acknowledge that it is unlawful to export or re-export (without written U.S. Government authorization) Toshiba products, technology or software if RESELLER knows that they: (a) will be used in the design, development, production, or use of missiles in or by a country listed in Country Group D:4; (b) will be used in the design, development, production, stockpiling, or use of chemical or biological weapons in or by a country listed in Country Group D:3; or (c) will be used in the design, development, production, stockpiling, or use of nuclear weapons in or by a country listed in Country Group D:2 (Supplement No. 1 to EAR §740).

RESELLER further acknowledges that export or re-export of Toshiba technology, software, source codes, or direct products thereof to a country or national thereof listed in Country Group D:1 or E:2 may be prohibited, unless authorized by U.S. regulations (§740 of the EAR) or written authorization from the U.S. Government.

Finally, RESELLER understands that certain countries other than the U.S. may restrict exports and may also restrict the import or use of these products, and agrees that we shall be solely responsible for compliance with any such export, import, or use restrictions.

This SOA shall supersede all previously executed SOA and shall be renewed by RESELLER every two (2) years.

This provision shall survive the term and termination of the Agreement.

Signatory below certifies that I am a responsible officer of RESELLER, my Company, and that I am authorized to sign this Written Assurance on behalf of RESELLER.

SIXTH AVENUE ELECTRONICS CITY, INC.

Date _____ 2/5/11

By _____

Print Name ___ MURAT TEMIZ

Title ___ CEO                                    Revised April, 30 2010



Exhibit "C"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.                                    Civil Action No. 1:11-cv-06874-JPO

Plaintiff,

vs.

SIXTH AVENUE ELECTRONICS CITY,      **AFFIDAVIT OF DAMAGES IN SUPPORT**
INC. d/b/a SIXTH AVENUE             **OF ENTRY OF DEFAULT JUDGMENT**
ELECTRONICS,

      Defendant.

STATE OF CALIFORNIA
                   ) ss.:

COUNTY OF ORANGE

      Jeff Stavro, being duly sworn, deposes and says:

      1.     I am over eighteen years of age and currently Credit Manager at Toshiba America Information Systems, Inc. ("TAIS"), plaintiff in the above-captioned case.

      2.     On or about October 22, 2009, Sixth Avenue Electronics City, Inc., d/b/a Sixth Avenue Electronics ("Sixth Avenue") entered into an Authorized Dealer Agreement (the "Agreement") with Toshiba America Consumer Products, L.L.C. ("TACP").

      3.     On or about October 1, 2010, TACP assigned all of its rights, interest and obligation in the Agreement to plaintiff TAIS.

      4.     On or about February 4, 2011, Sixth Avenue and TAIS executed an amendment to the Agreement (the "Amended Agreement") that, among other things, changed all references to TACP in the Agreement to TAIS and provided that payment for all purchases made by Sixth Avenue on credit were due "[n]et 30 Days from date of shipment or invoice whichever occurs later."

5.      Between December 2010 and May 2011, Sixth Avenue placed eleven purchase orders for consumer electronic goods from TACP and TAIS.  These purchases were made subject and pursuant to the terms and conditions of either the Agreement or the Amended Agreement and each of these purchases were made on credit terms.  Each purchase was evidenced by an invoice.  True and accurate copies of those eleven invoices (collectively, the "Unpaid Invoices") total $1,224,981.00 and are annexed hereto as Exhibit 1.

6.      TACP or TAIS timely shipped the inventory reflected on each of these Unpaid Invoices to Sixth Avenue, the last shipment of which occurred on or before May 6, 2011.  More than thirty days have now passed since the issuance of each of the Unpaid Invoices and the shipment dates for the corresponding goods.

7.      After applying all credits to which Sixth Avenue is or may be entitled for the purchases reflected in the Unpaid Invoices, the total amount presently due and owing to TAIS from Sixth Avenue is $1,208,015.78.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: Irvine, California
       October 24th, 2011

_____
Jeff Stavro

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1 _____

2 _____

3 _____

4 _____

5 _____

6 _____
  Signature of Document Signer No. 1      Signature of Document Signer No. 2 (If any)

State of California

County of _Orange_

Subscribed and sworn to (or affirmed) before me

on this __24__ day of __October__, 20 _11_,
      Date       Month      Year
by

(1) __Jeff Stavros__,
           Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

(and

(2) _____,
           Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
              Signature of Notary Public

**JACQUELINE PAVIA**
Commission # 1888147
Notary Public - California
Orange County
My Comm. Expires May 3, 2014

Place Notary Seal and/or Stamp Above

---

## — OPTIONAL —

*Though the information below is not required by law, it may prove valu-able to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

# TOSHIBA             TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

9740 IRVINE BOULEVARD, IRVINE, CA 92618-1608

Remit To: Toshiba America Information Systems, Inc.
Lockbox - P.O. BOX 98076, Chicago, IL 60693-0000, US

Bill To                                      Ship To

6TH AVE ELECTRONICS, INC                     6TH AVE
22 ROUTE 22 WEST,                            TV DISTRIBUTION CENTER,
SPRINGFIELD, NJ 07081,US                     1 HELLER PARK LANE,
                                             FRANKLIN TOWNSHIP, NJ 08873, US

| Invoice: 10443523 | | | | | |
|---|---|---|---|---|---|
| | 12/13/10 | 1319297 | FRANKLIN | MIKE1 | 12/03/10 |
| 30 NET | BWA | | MIT | 1289184 | 12/13/10 |
| Mesilla Valley | | | 8975559 | 0 | Prepaid |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | 40E200U | Flat Display - OS LCD 40"- T10-313P TVDAV227 | 136 | 136 | 440.42 -6.61 -8.81 | 425.00 | 57,800.00 |

| | | |
|---|---|---|
| FOR DELIVERY PLEASE CALL | 0 | 0.00 |
| BENNY AT 973-467-0100 EXT. 8630 | | |
| | | 57,800.00 |

This sale concerns products and/or technical data that may be controlled under the U.S. Export Administration regulations, and may be subject to the approval of the U.S. Department of Commerce prior to export. Any export or re-export by the purchaser, directly or indirectly, in contravention of US Export Administration regulations or other applicable laws, is prohibited. For example, the U.S. prohibits or severely restricts exports to certain countries, including Cuba, Iran, Libya, North korea, Sudan and Syria. This list is subject to change.

**EXHIBIT 1**

# **TOSHIBA**   TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

9740 IRVINE BOULEVARD, IRVINE, CA 92618-1608

Remit To: Toshiba America Information Systems, Inc.
Lockbox - P.O. BOX 98076, Chicago, IL 60693-0000, US

Bill To                                          Ship To

6TH AVE ELECTRONICS, INC                         6TH AVE
22 ROUTE 22 WEST,                                TV DISTRIBUTION CENTER,
SPRINGFIELD, NJ 07081,US                         1 HELLER PARK LANE,
                                                 FRANKLIN TOWNSHIP, NJ 08873, US

| Invoice: 10443524 | | | | | | |
|---|---|---|---|---|---|---|
| | 12/13/10 | 1319297 | FRANKLIN | MIKE2 | | 12/03/10 |
| 30 NET | BWA | | MIT | 1289185 | | 12/13/10 |
| | Mesilla Valley | | 8975559 | 0 | | Prepaid |
| | | | | | | |
| 1 | 40E200U | Flat Display - OS LCD 40"- | 136 | 136 | 440.42 | 425.00 | 57,800.00 |
| | | TVDAV227 | | | -8.81 | | |
| | | T10-313P | | | -6.61 | | |

FOR DELIVERY PLEASE CALL                                        0            0.00
BENNY AT 973-467-0100 EXT. 8630

                                                                    57,800.00

This sale concerns products and/or technical data that may be controlled under the U.S. Export Administration regulations,
and may be subject to the approval of the U.S. Department of Commerce prior to export. Any export or re-export by the
purchaser, directly or indirectly, in contravention of US Export Administration regulations or other applicable laws, is
prohibited. For example, the U.S. prohibits or severely restricts exports to certain countries, including Cuba, Iran, Libya,
North korea, Sudan and Syria. This list is subject to change.

# **TOSHIBA**          TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

9740 IRVINE BOULEVARD, IRVINE, CA 92618-1608

Remit To: Toshiba America Information Systems, Inc.
Lockbox - P.O. BOX 98076, Chicago, IL 60693-0000, US

| Bill To | Ship To |
|---|---|
| 6TH AVE ELECTRONICS, INC<br>22 ROUTE 22 WEST,<br>SPRINGFIELD, NJ 07081,US | 6TH AVE<br>TV DISTRIBUTION CENTER,<br>1 HELLER PARK LANE,<br>FRANKLIN TOWNSHIP, NJ 08873, US |

| Invoice: 10443526 | | | | | |
|---|---|---|---|---|---|
| | 12/13/10 | 1319297 | FRANKLIN | MIKE1 | 12/03/10 |
| 30 NET | BWA | | MIT | 1289184 | 12/13/10 |
| | AMAC | | 8987064 | 0 | Prepaid |

| 1 | 40E200U | Flat Display - OS LCD 40"- | 432 | 432 | 440.42 | 425.00 | 183,600.00 |
|---|---|---|---|---|---|---|---|
| | | T10-313P | | | -6.61 | | |
| | | TVDAV227 | | | -8.81 | | |

FOR DELIVERY PLEASE CALL                                          0.00
BENNY AT 973-467-0100 EXT. 8630

                                                                183,600.00

This sale concerns products and/or technical data that may be controlled under the U.S. Export Administration regulations, and may be subject to the approval of the U.S. Department of Commerce prior to export. Any export or re-export by the purchaser, directly or indirectly, in contravention of US Export Administration regulations or other applicable laws, is prohibited. For example, the U.S. prohibits or severely restricts exports to certain countries, including Cuba, Iran, Libya, North Korea, Sudan and Syria. This list is subject to change.

# TOSHIBA        TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

9740 IRVINE BOULEVARD, IRVINE, CA 92618-1608

Remit To: Toshiba America Information Systems, Inc.
Lockbox - P.O. BOX 98076, Chicago, IL 60693-0000, US

Bill To                                         Ship To

6TH AVE ELECTRONICS, INC                        6TH AVE
22 ROUTE 22 WEST,                               TV DISTRIBUTION CENTER,
SPRINGFIELD, NJ 07081,US                        1 HELLER PARK LANE,
                                                FRANKLIN TOWNSHIP, NJ 08873, US

| Invoice: 10443540 | | | | | |
|---|---|---|---|---|---|
| | 12/13/10 | 1319297 | FRANKLIN | MIKE1 | 12/03/10 |
| 30 NET | BWA | | MIT | 1289184 | 12/13/10 |
| Mile High | | | 8987066 | 0 | Prepaid |
| | | | | | |

| 1 | 40E200U | Flat Display - OS LCD 40"- T10-313P TVDAV227 | 432 | 432 | 440.42 -6.61 -8.81 | 425.00 | 183,600.00 |
|---|---|---|---|---|---|---|---|

FOR DELIVERY PLEASE CALL
BENNY AT 973-467-0100 EXT. 8630

|  |  | 0.00 |
|---|---|---|
|  |  | 183,600.00 |

This sale concerns products and/or technical data that may be controlled under the U.S. Export Administration regulations, and may be subject to the approval of the U.S. Department of Commerce prior to export. Any export or re-export by the purchaser, directly or indirectly, in contravention of US Export Administration regulations or other applicable laws, is prohibited. For example, the U.S. prohibits or severely restricts exports to certain countries, including Cuba, Iran, Libya, North Korea, Sudan and Syria. This list is subject to change.

# TOSHIBA   TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

9740 IRVINE BOULEVARD, IRVINE, CA 92618-1608

Remit To: Toshiba America Information Systems, Inc.
Lockbox - P.O. BOX 98076, Chicago, IL 60693-0000, US

Bill To                                          Ship To

6TH AVE ELECTRONICS, INC                         6TH AVE
22 ROUTE 22 WEST,                                TV DISTRIBUTION CENTER,
SPRINGFIELD, NJ 07081,US                         1 HELLER PARK LANE,
                                                 FRANKLIN TOWNSHIP, NJ 08873, US

| Invoice: 10443684 | | | | | |
|---|---|---|---|---|---|
| | 12/14/10 | 1319297 | FRANKLIN | MIKE2 | 12/03/10 |
| 30 NET | BWA | | MIT | 1289185 | 12/14/10 |
| Mile High | | | 8987067 | 0 | Prepaid |

| 1 | 40E200U | Flat Display - OS LCD 40"- T10-313P TVDAV227 | 432 | 432 | 440.42 -6.61 -8.81 | 425.00 | 183,600.00 |
|---|---|---|---|---|---|---|---|

FOR DELIVERY PLEASE CALL                                    0.00
BENNY  AT  973-467-0100  EXT.  8630

                                                      183,600.00

This sale concerns products and/or technical data that may be controlled under the U.S. Export Administration regulations, and may be subject to the approval of the U.S. Department of Commerce prior to export. Any export or re-export by the purchaser, directly or indirectly, in contravention of US Export Administration regulations or other applicable laws, is prohibited. For example, the U.S. prohibits or severely restricts exports to certain countries, including Cuba, Iran, Libya, North Korea, Sudan and Syria. This list is subject to change.

 

```
                                                                    INVOICE
                                                        INVOICE #  21968259
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.                       PAGE  1 of 1
DPD DIGITAL PRODUCTS DIVISION                          DOCUMENT DATE  04/19/11
9740 Irvine Blvd.                                          DUE DATE  05/19/11
Irvine, CA 92618
```

```
    BILL TO  1319297                         SHIP TO  1319297030
    6TH AVE ELECTRONICS, INC                GAVE DC
    22 ROUTE 22 WEST                         30 SCHOOLHOUSE ROAD
    SPRINGFIELD NJ 07081                     SOMERSET NJ 08873
```

| PURCHASE ORDER NUMBER | ORDER NUMBER | ORDER DATE | SKIP DATE | PAYMENT TERMS | OC /AC |
|---|---|---|---|---|---|
| 000154 | 15112 | 04/05/11 | 04/19/11 | NET 30 | ORD /25 |

| FOB | FREIGHT TERMS | SHIP VIA | BILL OF LADING | SRCWHS | SLSP |
|---|---|---|---|---|---|
| CIF - DESTINATION | FREIGHT PREPAID | CHRISTENSON TRANS 9343845 | | MIT | VP-BWA |
| CUSTOMER MSGS:   PRO# 0 | | | | | |

| PART NUMBER DESCRIPTION | ORDER QTY | SHIP QTY | BO QTY UOM | UNIT LIST PRICE | DISC % | NET UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|---|
| 40E210U | 250 | 250 | 0 EA | 549.50 | 17.91 | 451.06 | 112,765.00 |
| Flat Display - OS LCD 40"- 49" | | | | | | | |
| 55G310U | 50 | 50 | 0 EA | 1,148.80 | 17.66 | 945.94 | 47,297.00 |
| Flat Display - OS LCD 50" and up | | | | | | | |
| 46SL412U | 100 | 100 | 0 EA | 988.00 | 25.16 | 739.44 | 73,944.00 |
| Flat Display - OS LCD 40"- 49" | | | | | | | |

Recycle your used batteries. Visit www.rbrc.org or call 1-800-822-8837 for information.

```
     TOTAL SALES      DISCOUNT APPLIED        TAX AMOUNT          FREIGHT                    TOTAL DUE
     293,615.00         59,609.00               .00                .00    USD              234,006.00

                                                                                           US Dollar
```

PLEASE RETURN THIS PORTION WITH REMITTANCE:          PLEASE REMIT TO:  Toshiba  (DPD-VP)
                                                                        98076 Collection Center Dr
        INVOICE  21968259      BILL TO  1319297                         CHICAGO IL 60693
        DOCUMENT DATE  04/19/11      6TH AVE ELECTRONICS, INC           (949) 583-3534

```
                                             NET AMOUNT   PAY TERM DISCOUNT                 TOTAL DUE
                                             234,006.00            .00    USD              234,006.00

                                             AMOUNT ENCLOSED: _____
```

 

```
                                                                        INVOICE
                                                            INVOICE #  21968260
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.                         PAGE  1 of 1
DPD DIGITAL     S DIVISION                              DOCUMENT DATE  04/19/11
9740                                                         DUE DATE  05/19/11
Irvi            A
```

```
      1319297                               SHIP TO 1319297030
      TRONICS, INC                          6AVE DC
      WEST                                  30 SCHOOLHOUSE ROAD
          NJ 07081                          SOMERSET NJ 08873
```

| PURCHASE ORDER NUMBER | ORDER NUMBER | ORDER DATE | SHIP DATE | PAYMENT TERMS | CC  /AC |
|---|---|---|---|---|---|
| 00015 | 15112 | 04/05/11 | 04/19/11 | NET 30 | CRD /25 |

| FOB | | FREIGHT TERMS | | SHIP VIA | BILL OF LADING | SRCWHS | SLSP |
|---|---|---|---|---|---|---|---|
| CIF         ION | | FREIGHT PREPAID | | CHRISTENSON TRANS | 9343847 | MIT | VP-BWA |
| CUSTO      FRO 0 | | | | | | | |

| PART  B   E | ORDER QTY | SHIP QTY | BO QTY UOM | UNIT LIST PRICE | DISC % | NET UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|---|
| DES   PTION | | | | | | | |
| 32C11 | 250 | 200 | 0 EA | 355.30 | 21.15 | 280.16 | 56,032.00 |
|   Flat         LCD 26"- 39" | | | | | | | |
| 32C11 | 250 | 50 | 0 EA | 355.30 | 21.15 | 280.16 | 14,008.00 |
|   Flat        LCD 26"- 39" | | | | | | | |
| 55SL4120 | 50 | 50 | 0 EA | 1,322.00 | 21.83 | 1,033.36 | 51,668.00 |
|   Flat Display - OS LCD 50" and up | | | | | | | |

Recycle your used batteries. Visit www.rbrc.org or call 1-800-822-8837 for information.

| | DISCOUNT APPLIED | TAX AMOUNT | FREIGHT | | TOTAL DUE |
|---|---|---|---|---|---|
|        | 33,217.00 | .00 | .00 | USD | 121,708.00 |

US Dollar

```
                                           PLEASE REMIT TO:  Toshiba  (DPD-VP)
                                                             98076 Collection Center Dr
           CE  21968260    BILL TO  1319297                  CHICAGO IL 60693
         TE  04/19/11      6TH AVE ELECTRONICS, INC          (949) 583-3534
```

| | NET AMOUNT | PAY TERM DISCOUNT | | TOTAL DUE |
|---|---|---|---|---|
| | 121,708.00 | .00 | USD | 121,708.00 |

AMOUNT ENCLOSED: _____

 

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
DPD DIGITAL PRODUCTS DIVISION
9740 Irvine
Irvine, CA 92

INVOICE
INVOICE # 21968275
PAGE 1 of 1
DOCUMENT DATE 04/19/11
DUE DATE 05/19/11

BILL TO 1319297
6TH AVE ELECTRONICS, INC
22 W 2 S ST
S OD NJ 07081

SHIP TO 1319297030
6AVE DC
30 SCHOOLHOUSE ROAD
SOMERSET NJ 08873

| PURCHASE O MBER | ORDER NUMBER | ORDER DATE | SHIP DATE | PAYMENT TERMS | OC /AC |
|---|---|---|---|---|---|
| 000171 | 24399 | 04/12/11 | 04/19/11 | NET 30 | ORD /25 |

| FOB | FREIGHT TERMS | SHIP VIA | BILL OF LADING | SRCWHS SLSP |
|---|---|---|---|---|
| CIF - DESTINATION | FREIGHT PREPAID | CHRISTENSON TRANS 9343847 | | MIT VP-BWA |
| CUSTOMER MKGS: PROM 0 | | | | |

| PART NUMBER DESCRIPTION | ORDER QTY | SHIP QTY | BO QTY UOM | UNIT LIST PRICE | DISC % | NET UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|---|
| 40SL412U Flat Dis LCD 40"- 49" | 100 | 100 | 0 EA | 759.30 | 24.84 | 570.68 | 57,068.00 |
| BDX5200 Blu-ray | 50 | 50 | 0 EA | 154.30 | 12.50 | 135.01 | 6,750.50 |

Recycle your used batteries. Visit www.rbrc.org or call 1-800-822-8837 for information.

| TOT MSG | DISCOUNT APPLIED | TAX AMOUNT | FREIGHT | TOTAL DUE |
|---|---|---|---|---|
| 3 G | 19,826.50 | .00 | .00 USD | 63,818.50 |

US Dollar

PLEASE RETURN THIS PORTION WITH REMITTANCE:

INVOICE 21968275   BILL TO 1319297
DOCUMENT DATE 04/19/11   6TH AVE ELECTRONICS, INC

PLEASE REMIT TO: Toshiba (DPD-VP)
98076 Collection Center Dr
CHICAGO IL 60693
(949) 583-3534

| NET AMOUNT | PAY TERM DISCOUNT | TOTAL DUE |
|---|---|---|
| 63,818.50 | .00 USD | 63,818.50 |

AMOUNT ENCLOSED: _____

```
                                                                    INVOICE
                                                        INVOICE #  21971069
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.                     PAGE  1 of 1
DPD DIGITAL PRODUCTS DIVISION                        DOCUMENT DATE  04/21/11
9740 Irvine Blvd.                                        DUE DATE  05/21/11
Irvine, CA 92618
```

```
BILL TO  1319297                           SHIP TO 1319297030
6TH AVE ELECTRONICS, INC                   6AVE DC
23      AVE WEST                           30 SCHOOLHOUSE ROAD
SPRINGFIELD NJ 07081                       SOMERSET NJ 08873
```

| PURCHASE ORDER NUMBER | ORDER NUMBER | ORDER DATE | SHIP DATE | PAYMENT TERMS | OC  /AC |
|---|---|---|---|---|---|
| 000154 | 15112 | 04/05/11 | 04/21/11 | NET 30 | ORD /2S |

| FOB | | FREIGHT TERMS | | SHIP VIA | BILL OF LADING | SRCWHS | SLSP |
|---|---|---|---|---|---|---|---|
| CIF - DESTINATION | | FREIGHT PREPAID | | ABF - LTL | 9349978 | TMX | VP-BWA |
| CUSTOMER MSGS:  PO# 074172375 | | | | | | | |

| PART NUMBER DESCRIPTION | ORDER QTY | SHIP QTY | BO QTY UOM | UNIT LIST PRICE | DISC % | NET UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|---|
| 42SL417U | 25 | 25 | 0 EA | 927.00 | 28.02 | 667.22 | 16,680.50 |
| Flat Diagonal, 32"-49" | | | | | | | |

Recycle your old batteries. Visit www.rbrc.org or call 1-800-822-8837 for information.

| TOTAL ITEMS | DISCOUNT APPLIED | TAX AMOUNT | FREIGHT | | TOTAL DUE |
|---|---|---|---|---|---|
| 25.1 | 6,494.50 | .00 | .00 | USD | 16,680.50 |

US Dollar

PLEASE RETURN THIS PORTION WITH REMITTANCE:       PLEASE REMIT TO: Toshiba  (DPD-VP)
                                                                   98076 Collection Center Dr
   INVOICE  21971069     BILL TO  1319297                          CHICAGO IL 60693
   DOCUMENT DATE  04/21/11          6TH AVE ELECTRONICS, INC       (949) 583-3534

                                   NET AMOUNT  PAY TERM DISCOUNT            TOTAL DUE
                                    16,680.50            .00  USD           16,680.50
                                                AMOUNT ENCLOSED: _____



```
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.              INVOICE
DPD DIGITAL PRODUCTS DIVISION                INVOICE #   21971070
9740 Irvine Blvd                                  PAGE   1 of 1
Irvine, CA 92618                         DOCUMENT DATE   04/21/11
                                              DUE DATE   05/21/11


        BILL TO  1319297                    SHIP TO  1319297030
        6TH AVE ELECTRONICS, INC           6AVE DC
        C/O ROUTING DEPT                   30 SCHOOLHOUSE ROAD
        SPRINGFIELD NJ 07081               SOMERSET NJ 08873
```

| PURCHASE ORDER NUMBER | ORDER NUMBER | ORDER DATE | SHIP DATE | PAYMENT TERMS | OC /AC |
|---|---|---|---|---|---|
| 000171 | 24399 | 04/12/11 | 04/21/11 | NET 30 | ORD /25 |

| FOB | | FREIGHT TERMS | | SHIP VIA | BILL OF LADING | SRCWHS | SLSP |
|---|---|---|---|---|---|---|---|
| CIF - DESTINATION | | FREIGHT PREPAID | | ABF - LTL | 9349978 | TMX | VP-BWA |
| CUSTOMER MASTER PO# 074172375 | | | | | | | |

| PART NUMBER DESCRIPTION | ORDER QTY | SHIP QTY | BO QTY UOM | UNIT LIST PRICE | DISC % | NET UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|---|
| 46SL417U  Flat Display 37"-49" | 50 | 50 | 0 EA | 1,154.00 | 25.27 | 862.44 | 43,122.00 |
| 55SL417U  Flat Display 50"+ | 50 | 50 | 0 EA | 1,486.00 | 22.75 | 1,147.96 | 57,398.00 |
| 42SL417U  Flat Display 37"-49" | 25 | 25 | 0 EA | 927.00 | 28.02 | 667.22 | 16,680.50 |

```
Recycle your used batteries. Visit www.rbrc.org or call 1-800-822-8837 for information.
```

| TOTAL DUE | DISCOUNT APPLIED | TAX AMOUNT | FREIGHT | TOTAL DUE |
|---|---|---|---|---|
| 155,179.50 | 37,974.50 | .00 | .00   USD | 117,200.50 |

US Dollar

PLEASE RETURN THIS PORTION WITH REMITTANCE:

```
                                                   PLEASE REMIT TO:  Toshiba  (DPD-VP)
                                                                     98076 Collection Center Dr
     INVOICE  21971070     BILL TO  1319297                          CHICAGO IL 60693
     DOCUMENT DATE 04/21/11    6TH AVE ELECTRONICS, INC               (949) 583-3534
```

| NET AMOUNT | PAY TERM DISCOUNT | TOTAL DUE |
|---|---|---|
| 117,200.50 | .00   USD | 117,200.50 |

AMOUNT ENCLOSED: _____

TOSHIBA AM... ....... .CU SYSTEMS, INC.
DPD DIGITAL ......TS ......ION
9740 Irvine ....
Irvine, CA ...

```
                                                  INVOICE
                                          INVOICE #  21984712
                                                PAGE  1 of 1
                                       DOCUMENT DATE  05/04/11
                                            DUE DATE  06/03/11
```

BILL .. 1319297                          SHIP TO  1319297030
6TH ... ......... INC                    6AVE DC
22 P. .....                              10 SCHOOLHOUSE ROAD
SPRI. .......                            SCHERSET NJ 08873

| PURCHASE ...... ...ER NUMBER | ORDER DATE | SHIP DATE | PAYMENT TERMS | OC /AC |
|---|---|---|---|---|
| 000171 ..339 | 04/12/11 | 05/04/11 | NET 30 | ORD /25 |

| FOB | FREIGHT TERMS | SHIP VIA | BILL OF LADING | SRCWNS SLSP |
|---|---|---|---|---|
| CIF - DESTIN...... | FREIGHT PREPAID | DAYLIGHT TRANSPOR 9381851 | | MIT VP-BWA |
| CUSTOMER M.. ....N 00216411 | | | | |

| PART NUMBER DESCRIPTION | ORDER QTY | SHIP QTY | BO QTY UOM | UNIT LIST PRICE | DISC % | NET UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|---|
| BDX4200 | 50 | 50 | 0 EA | 118.10 | 12.50 | 103.34 | 5,167.00 |
| Blu-ray ..... | | | | | | | |

Recycle you. ..... ..... Visit www.rbrc.org or call 1-800-822-8837 for information.

| TO.. ...... ....NT APPLIED | TAX AMOUNT | FREIGHT | TOTAL DUE |
|---|---|---|---|
| 738.00 | .00 | .00  USD | 5,167.00 |

US Dollar

PLEASE RETUR. THIS PORTION WITH REMITTANCE:

```
IN .... 21984712    BILL TO 1319297
DOCUMENT .. 05/04/11    6TH AVE ELECTRONICS, INC
```

PLEASE REMIT TO: Toshiba  (DPD-VP)
                 98076 Collection Center Dr
                 CHICAGO IL 60693
                 (949) 583-3534

| NET AMOUNT | PAY TERM DISCOUNT | TOTAL DUE |
|---|---|---|
| 5,167.00 | .00  USD | 5,167.00 |

AMOUNT ENCLOSED: _____



Exhibit "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.,                              Civil Action No. 11 CIV 6874

                        Plaintiff(s),

        -against-

SIXTH AVENUE ELECTRONICS
CITY, INC. d/b/a SIXTH AVENUE                           **AFFIDAVIT OF SERVICE**
ELECTRONICS,

                        Defendant(s).
-------------------------------------------------------X
STATE OF NEW YORK   )
                              s.s :
COUNTY OF NEW YORK   )

        JOSEPH SANCHEZ, being duly sworn, deposes and says that he is an employee
of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen
years and is not a party to the action.

        That on the 3rd day of October, 2011, at approximately 10:00 a.m., deponent
served a true copy of the **Summons in a Civil Action; Complaint; Civil Cover Sheet**
**together with Rule 7.1 Statement and Magistrate Judge Pittman"s Rules** upon Sxith
Avenue Electronics City, Inc. d/b/a Sixth Avenue Electronics (Attention: Murat Temiz)
at 22 Route 22 West, Springfield, New Jersey 07081 by personally delivering and
leaving the same with Carlos Ferrerra, Store Manager, who is authorized by appointment
to accept service.

        Carlos Ferrerra is an olive-skinned Hispanic male, approximately 50 years of age,
is approximately 5 feet and 7-10 inches tall, weighs approximately 240 pounds, with
short brown hair and dark eyes.

Sworn to before me this                         _____
6th day of October, 2011                        JOSEPH SANCHEZ #1155200

NOTARY PUBLIC STATE OF NEW YORK
MICHAEL J. KEATING
Reg. No. 01-KE-4861559
Qualified in New York County
Commission expires February 3, 2014



Exhibit "E"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.

Civil Action No. 1:11-cv-06874-JPO

Plaintiff,

vs.

SIXTH AVENUE ELECTRONICS CITY,
INC. d/b/a SIXTH AVENUE
ELECTRONICS,

**DEFAULT JUDGMENT**

Defendant.

_____/

      This action having been commenced on September 30, 2011 by the filing of the

Summons and Complaint, and a copy of the Summons and Complaint having been personally

served on the defendant, Sixth Avenue Electronics City, Inc., d/b/a Sixth Avenue Electronics, on

October 3, 2011 at its principal place of business, located at 22 Route 22 West, Springfield, New

Jersey 07081, by personal service on Carlos Ferrerra, Store Manager, and a proof of service

having been filed on October 11, 2011 and the defendant not having answered the Complaint,

and the time for answering the Complaint having expired, it is

      ORDERED, ADJUDGED AND DECREED: That the plaintiff Toshiba America

Information Systems, Inc. have judgment against defendant Sixth Avenue Electronics City, Inc.,

d/b/a Sixth Avenue Electronics in the liquidated amount of $1,208,015.78.

Dated: New York, New York

_____

 

_____

                   U.S.D.J.

This document was entered on the docket
on _____.